STATE OF NEBRASKA, APPELLEE, V. DANIEL G. PERDUE, APPELLANT.

386 N.W.2d 14

Filed May 2, 1986.   No. 85-767.

Willis G. Yoesel, for appellant.

Robert M. Spire, Attorney General, and Laura L. Freppel, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

HASTINGS, J.

Following a plea of guilty to a charge of incest, a Class III felony, the defendant was found not to be a mentally disordered sex offender and was sentenced to a term of imprisonment of 20 years. The defendant has appealed, assigning as error the failure of the trial court to allow the defendant to receive additional evaluation as to his mental status, and excessiveness of the sentence. We affirm.

The record indicates that the incident to which the defendant pleaded guilty was an act of sexual intercourse with his 18-year-old daughter on February 12, 1985. There is also information in the file which indicates this sexual relationship had been going on for at least 4 years and that defendant requested his 17-year-old daughter to have sex with him, which request was denied.

Because of some inconsistent statements made by the defendant during the early stages of his arraignment, the court ordered the defendant to the Lincoln Regional Center for an evaluation to determine whether he was competent to enter a plea. Because of a misunderstanding, the examination dealt with the subject of whether defendant was a mentally disordered sex offender, and the diagnostic team concluded that he was not. Defense counsel was aware of that report shortly after May 23, 1985.

The court again requested an examination to determine if defendant was mentally competent to enter a plea. A letter of May 29, 1985, concluded that he was competent. Defendant's plea of guilty was accepted, and he was referred to the Lincoln Regional Center for a current sex offender evaluation.

A letter dated June 19, 1985, from the same diagnostic team determined that defendant did not meet the criteria of a mentally disordered sex offender. This letter was introduced into the record at the July 18 sentencing proceedings. Defendant's counsel indicated that he had had an opportunity to review the report and had no objections to its reception into evidence.

Just prior to sentencing, defendant's counsel requested a second mental evaluation, as follows:

Your Honor, I don't believe the statute provides for this, but we would like to make a special request to the Court and would move that the Court transfer Mr. Perdue to some other institution for further psychological evaluation than has been made in the report that's received now. . . . It's the feeling of counsel that the evaluation that's delivered in that report is not accurate, and that further evaluation of the defendant should be done to further determine whether or not he is a mentally-disordered sex offender.

This request was denied by the court, which, after hearing arguments as to sentencing from both the defendant and his counsel, imposed a sentence of 20 years' imprisonment.

Defendant filed a motion to set aside the sentence, upon which hearing was had on July 25. His argument was based primarily upon Neb. Rev. Stat. § 29-2913 (Reissue 1979), which provides in part as follows:

If the defendant, or counsel for the defendant, disagrees with the conclusions of the court-appointed panel he or she may file a motion with the court requesting an additional evaluation by two other physicians of the defendant's choice . . . . Such additional evaluation shall be made part of the presentence investigation and shall be filed with the court at least ten days prior to the date set for sentencing.

It is the State's position that the granting of such request is within the sound discretion of the court, and, in any event, if such report must be filed with the court 10 days prior to sentencing, a request for such evaluation made on the date for sentencing is obviously too late.

Defendant's counsel makes a rather weak argument that he could not have requested the evaluation any sooner because it was not until the date of sentencing that he was permitted to examine the State's report. This is not accurate. The court made the following statement at the hearing on the motion to set aside the sentence:

All right, then the Court received a report from the diagnostic — or the Regional Center, and that report was dated May 13th, 1985. The envelope was marked filed May 23rd of '85. And apparently the Regional Center misunderstood our request and they examined Mr. Perdue and concluded as early as May 13, 1985, that he was not a mentally-disordered sex offender.

Counsel replied, "That's correct. That report was submitted in error. . . . Yes, Your Honor, I've read that report. . . . Yes, I reviewed that report."

Additionally, defendant's counsel admitted that he was informed by the clerk of the court sometime around the 1st of July that the letter dated June 19 had been received in his office but that it was sealed. He admitted that he had never requested of the court that he be allowed to see the letter. He also agreed that he had "a presumption that the second report [June 19] would not be dramatically changed from the first report [May 13]."

The record discloses that sentencing in this case was originally set for July 11, some 10 days or so after defendant's counsel was aware that the evaluation report was on file in the clerk's office. Even though he was reasonably certain as to the contents of that report, he made no effort to "file a motion with the court requesting an additional evaluation by . . . physicians of the defendant's choice . . . ."

The statute also requires that the evaluation shall be at the defendant's expense unless otherwise ordered by the court. No representation that he could pay those expenses was ever made by the defendant. He did not request the court to order the expenses paid by the State. He made no "choice" as to who the examiners would be.

Defendant had known since the middle of May that the examiners at the Lincoln Regional Center did not believe him to

be a mentally disordered sex offender. Yet he made no effort to secure a different examination for practically 60 days. Neb. Rev. Stat. § 29-2261 (Cum. Supp. 1984) provides as to presentence investigations that "[t]he court *may* allow fair opportunity for an offender to provide additional information for the court's consideration." Clearly, this implies the use of discretion by the sentencing court. There was no abuse of discretion in this instance on the part of the court in denying the 11th-hour request for additional information. In any event, there is nothing to prohibit the defendant from requesting further evaluation at any time during his period of incarceration.

This court will not modify on appeal a sentence imposed within the statutory limits, absent an abuse of discretion on the part of the trial court. *State v. Christensen*, 213 Neb. 820, 331 N.W.2d 793 (1983).

Defendant was sentenced to 90 days in jail for breaking and entering in 1956, and in 1962 was sentenced to 4 years imprisonment on each of two felony counts, assault with intent to do great bodily harm and robbery. Although charged with but one count of incest, there seems little doubt that he subjected his daughter to 4 years of abuse to the extent that in her statement describing the most recent encounter, she ventured that "I hope I never ever see him again."

There was no error in these proceedings and no abuse of discretion on the part of the trial court. Its judgment is affirmed.

AFFIRMED.