STATE OF NEBRASKA, APPELLEE, V. DUANE D. HENN, APPELLANT.
388 N.W.2d 846

Filed June 20, 1986. No. 85-848.

Gwyer Grimminger of Grimminger Law Office, for appellant.

Robert M. Spire, Attorney General, and Dale D. Brodkey, for appellee.

BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

This appeal arises from the criminal prosecution of defendant-appellant, Duane D. Henn, for theft by unlawful taking. Defendant pled guilty to the offense and was sentenced to imprisonment for 1 year by the district court for Hall County.

Defendant assigns as error that the court failed to determine whether defendant received a copy of the information 1 day prior to arraignment, that the court failed to determine whether defendant waived the reading of the information, and that the court failed to read or apprise the defendant of the nature of the charge prior to entry of defendant's plea. In addition, defendant alleges that the court abused its discretion in sentencing him to a term of imprisonment.

Defendant is 48 years old, divorced, and the father of four children. At the time of the offense, he was employed as clerk of the district court for Hall County. Defendant was facing severe financial difficulties as a result of debts he incurred to pay his gambling losses. He endorsed a check received in the clerk's office, which was a payment of child support, and presented it to Norwest Bank in Grand Island and obtained $2,000 in cash for his personal use. Later on, in anticipation of a routine audit

of his office in which he knew the theft of funds would be discovered, defendant contacted his attorney and confessed to the theft. He resigned as clerk of the court the same day.

With respect to defendant's first three assignments of error, regarding his examination by the trial court prior to the entry of his plea of guilty, we note that nowhere in his brief does defendant allege that he did not have actual notice of the charge against him. He conceded in oral argument that all of the elements of the crime were explained to him. Although the defendant alleges that the court failed to determine whether he received a copy of the information 1 day prior to arraignment and refers us to Neb. Rev. Stat. § 29-1802 (Reissue 1985), the record indicates that defendant's attorney was served with notice more than a month prior to trial. Section 29-1802 specifically allows counsel to be served. Finally, the record reflects that defendant's rights were explained to him and that he knowingly, intelligently, and voluntarily waived them. We find no error in the trial court's actions.

There is no doubt that defendant was distressed at receiving a prison term rather than probation at his sentencing. He had made full restitution, showed remorse, acted in a cooperative manner, had stopped gambling, had secured employment, and was generally conducting himself as a good citizen. This court will not modify on appeal a sentence imposed within the statutory limits, absent an abuse of discretion on the part of the trial court. *State v. Perdue*, 222 Neb. 679, 386 N.W.2d 14 (1986). Theft by unlawful taking in the amount of $2,000 is a Class III felony punishable by up to 20 years' imprisonment and a $25,000 fine. We find no evidence that the trial court abused its discretion in sentencing defendant.

AFFIRMED.

KRIVOSHA, C.J., participating on briefs.