STATE OF NEBRASKA, APPELLEE, V. CHRISTOPHER S. RITSCH, APPELLANT.

440 N.W.2d 689

Filed June 2, 1989.    No. 88-504.

Thomas M. Kenney, Douglas County Public Defender, and Timothy P. Burns for appellant.

Robert M. Spire, Attorney General, and Vanessa R. Jones for appellee.

HASTINGS, C.J., WHITE, and FAHRNBRUCH, JJ., and FUHRMAN and WHITEHEAD, D. JJ.

WHITEHEAD, D.J.
Following the filing of a second amended information in the district court for Douglas County, the defendant, Christopher S. Ritsch, pled guilty to two counts of sexual contact with persons 14 years of age or younger. Following a presentence investigation, the trial judge sentenced the defendant to a term of imprisonment of not less than 18 months nor more than 5 years on each count, with the sentences to be served concurrently. The defendant appeals and alleges two assignments of error.

The first assignment of error is that the trial court erred in imposing a jail sentence because probation was appropriate under the circumstances. The second assignment of error is that

the trial court erred in considering two letters contained in the presentence investigation report from the victims' parents and psychotherapist alleging that the defendant intentionally came in contact with the victims after criminal charges had been filed. We affirm.

With respect to the assignment of error of the defendant that the sentences of 18 months' to 5 years' imprisonment are excessive, this court has held that a sentence within the limits prescribed by statute will not be set aside as excessive absent an abuse of discretion on the part of the sentencing judge. *State v. Ladehoff*, 229 Neb. 111, 425 N.W.2d 352 (1988); *State v. Henn*, 223 Neb. 280, 388 N.W.2d 846 (1986); *State v. Dillon*, 222 Neb. 131, 382 N.W.2d 353 (1986). The courts of Nebraska are charged with the responsibility of imprisoning an offender for the protection of the public welfare if they believe that "[a] lesser sentence will depreciate the seriousness of the offender's crime or promote disrespect for law." Neb. Rev. Stat. § 29-2260(2)(c) (Cum. Supp. 1986). In this case, the district court found these to be very serious crimes, which had lasting effects upon the victims, and therefore imposed the sentences of imprisonment. Also, defendant was convicted.of two Class IV felonies which are punishable by not more than 5 years' imprisonment, up to a $10,000 fine, or both. Neb. Rev. Stat. §§ 28-320.01 and 28-105 (Reissue 1985). Clearly, defendant's sentence of 18 months to 5 years falls within the prescribed statutory limits, and the two counts are to run concurrently. We find no basis upon which to find that the trial court abused its discretion.

The defendant's final assignment is a complaint of the inclusion in the presentence investigation report of letters from the victims' parents and psychologist, which the defendant objected to strongly at the time of sentencing. We stated in *State v. Rose*, 183 Neb. 809, 811, 164 N.W.2d 646, 648 (1969):

> It is a long accepted practice in this state that before sentencing a defendant after conviction a trial judge has a broad discretion in the sourse [sic] and type of evidence he may use to assist him in determining the kind and extent of punishment to be imposed within the limits fixed by statute. Highly relevant, if not essential, to his

determination of an appropriate sentence is the gaining of knowledge concerning the defendant's life, character, and previous conduct. In gaining this information, the trial court may consider reports of probation officers, police reports, affidavits, and other information including his own observations of the defendant. A presentence investigation has nothing to do with the issue of guilt. The rules governing due process with respect to the admissibility of evidence are not the same in a presentence hearing as in a trial in which guilt or innocence is the issue.

Furthermore, in *State v. Porter*, 209 Neb. 722, 723, 310 N.W.2d 926, 927 (1981), this court stated: "By the very nature of a presentence investigation report, it is necessary to rely to a great extent upon hearsay information." In the case at hand, the defendant had an opportunity to review the presentence report and, at the sentencing hearing, did object strenuously to the inclusion of these items therein. At the same time, the defendant did have included in the presentence report numerous letters from friends, family, and business acquaintances. The defendant had an opportunity at the time of sentencing to rebut the statements made in the letters and to the items included in the presentence report to which he objected, but he did not do so. There is no showing in the record that the sentencing judge did consider these items when sentencing the defendant, although we do not believe it is error if he did so. Considering the fact that the defendant had sufficient opportunity to rebut the statements made in the presentence report, we believe there is no merit to this assignment of error.

AFFIRMED.