STATE OF NEBRASKA, APPELLEE, V. ANTHONY SORBELLO, APPELLANT.
440 N.W.2d 696

Filed June 9, 1989.    No. 88-007.

J. Joseph McQuillan and Mark A. Weber, of Walentine, O'Toole, McQuillan & Gordon, for appellant.

Robert M. Spire, Attorney General, and Douglas J. Peterson for appellee.

HASTINGS, C.J., WHITE, and FAHRNBRUCH, JJ., and FUHRMAN and WHITEHEAD, D. JJ.

WHITEHEAD, D.J.

Following a jury trial in the district court for Douglas County, Nebraska, the defendant, Anthony Sorbello, was found guilty of two counts of theft by unlawful taking. The defendant was the manager of the South Omaha branch of the Douglas County Treasurer's Office. On February 23, 1987, Frank Tomasek paid $698 in sales tax on a new vehicle. At trial, Tomasek stated he could not identify the person to whom he paid the sales tax, but subsequent testimony provided by James Heafey, an office employee of the county treasurer at the South Omaha branch, revealed the defendant received the sales tax money from Tomasek. Heafey also testified that he observed the defendant process the transaction with Tomasek, and he noted that the defendant did not validate the sales tax, which was standard procedure in the county treasurer's office. Testimony also revealed that on February 24, 1987, George Jonaitis was at the county treasurer's office to register a newly purchased vehicle. Jonaitis testified that he paid $715 in sales tax to the Douglas County treasurer and identified the defendant as the individual who received his sales tax money. The sales tax money was never recorded in the treasurer's

office, and testimony revealed that on February 23 and 24, 1987, the defendant was the only individual who received sales tax moneys on a validating machine designated as "Machine E." Further testimony revealed that the transactions of Jonaitis and Tomasek had transpired on Machine E.

The court, after reviewing the presentence investigation, sentenced the defendant to imprisonment in the Nebraska Penal and Correctional Complex for a term of 2 years on each count, the sentences to run consecutively. The defendant appealed. We affirm.

The defendant's first assignment of error is that the sentences imposed by the district court were excessive.

Theft by unlawful taking is a Class IV felony, which carries a maximum prison term of 5 years, a fine of up to $10,000, or both. Neb. Rev. Stat. §§ 28-511 and 28-518 (Reissue 1985). Clearly, the sentences are within the limits of the statute. Rules firmly establish in this jurisdiction that a sentence imposed within limits prescribed by statute shall not be disturbed on appeal, absent an abuse of discretion on the part of the sentencing judge. *State v. Henn*, 223 Neb. 280, 388 N.W.2d 846 (1986); *State v. Dillon*, 222 Neb. 131, 382 N.W.2d 353 (1986).

Also, this court will not disturb on appeal a direction that multiple conviction sentences be served consecutively unless the record reveals an abuse of discretion. *State v. Benzel*, 220 Neb. 466, 370 N.W.2d 501 (1985); *State v. Chapple*, 197 Neb. 4, 246 N.W.2d 714 (1976). Before the court may determine an appropriate sentence, it must examine the background of the defendant and the character of the crime committed.

In Neb. Rev. Stat. § 29-2260 (Cum. Supp. 1986), the Legislature charged the courts of Nebraska with the responsibility of imprisoning an offender for the protection of the public welfare when "[a] lesser sentence will depreciate the seriousness of the offender's crime or promote disrespect for the law." In a review of the presentence investigation, the district court in this case could have reasonably been convinced that the sentences imposed were necessary to protect societal interests and to make sure the seriousness of the crimes committed by the offender was not depreciated. The defendant held a position of high public trust. As the manager of the

South Omaha Douglas County Treasurer's Office, he was given responsibility to collect and protect public funds. This trust was seriously violated. In spite of the evidence against the defendant, he continually denies that he did anything wrong. We find that the defendant's sentences were a proper exercise of the district court's discretion.

The defendant's second assignment of error is that the district court should have granted the defendant's motion in limine in regard to prior bad acts and that it was error to permit the prosecution to mention them in his opening statement. In the matter at hand, there is nothing before the court to make such a determination. This court cannot review on appeal the appropriateness of the district court's denying a motion in limine if the defendant has not established a record to show an assignment of error. *State v. Harris*, 205 Neb. 844, 290 N.W.2d 645 (1980). In ruling against the defendant in the *Harris* case, the court stated:

> The fact of the matter is that we do not have a record before us which would in any way indicate to us what it was that Harris' counsel said or what the prosecution said in closing. Where it is claimed that an attorney is guilty of misconduct in arguing a case to a jury and it is desired to raise a question on that point for a decision of the Supreme Court, it is necessary that objection be made to the trial court at the time and an adverse ruling had thereon and that the same be made a part of the record by a proper bill of exceptions. Johnson v. Nebraska Public Power Dist., 187 Neb. 421, 191 N.W.2d 594 (1971); Pieper v. City of Scottsbluff, 176 Neb. 561, 126 N.W.2d 865 (1964); Sandomierski v. Fixemer, 163 Neb. 716, 81 N.W.2d 142 (1957).

205 Neb. at 850-51, 290 N.W.2d at 650.

In the case at hand, the bill of exceptions contains no information that the defendant objected during the time of trial to any statement of prior bad acts made by the prosecutor. The record also fails to reveal any statements made by the prosecutor in opening or during closing. Therefore, the record does not permit the court to consider this assignment of error.

The defendant's third assignment of error is that the district

court failed to direct verdicts in favor of the defendant at the end of the plaintiff's case.

In determining the sufficiency of evidence to sustain a criminal conviction, it is not the province of this court to resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence; such matters are for the finder of fact, and the verdict must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it. *State v. Masur*, 230 Neb. 620, 432 N.W.2d 815 (1988); *State v. Anderson*, 229 Neb. 427, 427 N.W.2d 764 (1988). We conclude that the jury could find the defendant guilty beyond a reasonable doubt based upon the evidence previously recited.

We have carefully examined all the defendant's assignments of error set forth in his brief and find they have no merit. The defendant's convictions and sentences are affirmed.

AFFIRMED.