STATE OF NEBRASKA, APPELLEE, V. ALLEN WESLEY CARTER,
APPELLANT.
463 N.W.2d 332

Filed November 30, 1990.    No. 89-1500.

Thomas M. Kenney, Douglas County Public Defender, and Brian S. Munnelly for appellant.

Allen Wesley Carter, pro se.

Robert M. Spire, Attorney General, and Elaine A. Catlin for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

FAHRNBRUCH, J.

Allen Wesley Carter, age 61, through his counsel, appeals his 5- to 10-year sentence of imprisonment, which he received after he entered a plea of nolo contendere to attempted first degree sexual assault on a female who was under 16 years of age.

The defendant, in his pro se brief, in substance assigns as error (1) that the district court for Douglas County erred in considering only one of the paragraphs in his postconviction relief motion and in failing to grant an evidentiary hearing on the remaining paragraphs and (2) that the defendant was denied effective assistance of counsel at his resentencing hearing. We affirm.

Carter was initially charged with first degree sexual assault on a child, a Class II felony, Neb. Rev. Stat. § 28-319 (Reissue 1989), carrying a penalty of not less than 1 nor more than 50 years' imprisonment, Neb. Rev. Stat. § 28-105 (Reissue 1985). So far as relevant here, § 28-319 provides that any person who subjects another person to sexual penetration and the actor is 19 years of age or older and the victim is less than 16 years of age is guilty of sexual assault in the first degree. On February 16, 1989, with counsel from the Douglas County public defender's office representing him, Carter was arraigned and entered a not guilty plea to the initial charge. Because of a conflict of interest, the nature of which is undisclosed in the record, the public

defender's office was permitted to withdraw as Carter's counsel and an attorney not employed by the public defender's office was appointed to represent the defendant.

On May 16, 1989, pursuant to a plea agreement, with his substitute counsel present, Carter entered a plea of nolo contendere to an amended information charging him with attempted first degree sexual assault on a female who, at the time, was under 16 years of age. That charge is a Class III felony, Neb. Rev. Stat. § 28-201(4)(b) (Reissue 1989), carrying a penalty of not less than 1 nor more than 20 years' imprisonment, up to a $25,000 fine, or both, § 28-105. The court, after determining that Carter understood his constitutional rights as set forth in *State v. Irish*, 223 Neb. 814, 394 N.W.2d 879 (1986), and after finding that a factual basis existed establishing that Carter committed the offense with which he was charged, accepted the defendant's plea and found him guilty.

Following acceptance of Carter's plea, the court, pursuant to Neb. Rev. Stat. § 29-2913 (Reissue 1989), ordered the defendant to be examined by two psychiatrists to determine whether he was a mentally disordered sex offender (MDSO). The examinations indicated that Carter did not qualify as an MDSO, and the court so found. Following a presentence investigation, with his non-public-defender counsel present, the defendant was sentenced to not less than 5 nor more than 10 years' imprisonment, with credit for 170 days served.

From the sparse transcript before this court, it can be determined that the defendant filed a motion with the court, which the defendant, in his pro se brief, claims was a motion for postconviction relief. The motion itself is not in the transcript. In an order dated October 17, 1989, the trial court stated that a hearing on the court's own motion was held on October 17 on paragraph 2f of defendant's motion to vacate judgment and sentence. The order further stated:

> The Court finds that the attorney appointed by the Court to represent the Defendant did after the sentencing of the Defendant and after determining that the previous conflict of interest no longer existed leave his file with the Douglas County Public Defenders' Office who accepted

same for the purpose of prosecuting an appeal if Defendant chose to do so. That office failed to contact Defendant regarding an appeal until its notice to Defendant dated September 11, 1989, some 57 days after sentencing and some 27 days after the time for filing the Notice of Appeal passed.

The case of Evitts v. Lucey, 105 S.Ct. 830, 469 U.S. 387, 83 L.Ed.2d 821 (1985) indicates that Defendant's first right to appeal may not be extinguished because the right of Defendant to effective assistance of Counsel has been violated.

It is here evident that the Public Defenders' office and/or possibly appointed Counsel dropped the ball (failed to notify Defendant of his right to appeal and time constraints to perfect the appeal) and thus Defendant has been denied his right to his first appeal by Counsel.

Defendant's right of appeal is contained within the language of Article I, Section 23 of the Nebraska Constitution, to wit: "In all cases of felony the Defendant shall have the right of appeal to the Supreme Court; *** ."

The court then vacated the sentence imposed on July 14, 1989, and appointed the Douglas County public defender's office to represent Carter at a resentencing hearing. There is no indication in the record that the public defender's office, at that time, continued to have a conflict of interest. On November 29, 1989, the trial court, with the defendant and a public defender present, held a resentencing hearing. At that time, the defendant stated that there was no reason why sentence should not be imposed upon him. Thereupon, the defendant was resentenced to not less than 5 nor more than 10 years' imprisonment, the sentence to be deemed to have commenced July 14, 1989, and the defendant was granted 170 days' additional credit against the sentence for time already served.

## I. POSTCONVICTION MOTION

Although neither Carter's motion to vacate judgment and sentence nor a bill of exceptions of the October 17 hearing has been made part of the record presented to this court, the record demonstrates that the trial court resolved only one of the issues

raised by Carter's motion. In the trial court's order to vacate its sentence, the court declared, "Hearing was held on the Court's own motion on October 17, 1989, on paragraph 2f of the Defendant's Motion to Vacate Judgment and Sentence filed on September 21, 1989." In the final paragraph of the order, it is stated that "the granting of paragraph 2f of Defendant's Motion to Vacate Judgment and sentence shall not prejudice the Defendant's right to proceed with the balance of said Motion after sentencing if Defendant so desires."

Carter, pro se, argues that the trial court did not have authority to consider only a portion of his motion and should have made disposition of his motion in its entirety. Initially, we conclude that Carter's motion to vacate his judgment and sentence under the Postconviction Act, Neb. Rev. Stat. §§ 29-3001 to 29-3004 (Reissue 1989), is a procedurally appropriate manner in which to challenge his sentence to have it vacated and set aside. See *State v. Halsey*, 195 Neb. 432, 238 N.W.2d 249 (1976) (holding that if a defendant is denied his right to appeal because his lawyer fails, when requested, to timely file a notice of appeal, the proper means to attack that denial is by a postconviction relief action).

Partial disposition of the issues in a lawsuit by the trial court, resulting in piecemeal appeals, is disfavored. See, *Federal Land Bank v. McElhose*, 222 Neb. 448, 384 N.W.2d 295 (1986) (stating that a trial court should limit itself to entering but one final determination of the rights of the parties in a case); *Gerber v. Gerber*, 218 Neb. 228, 353 N.W.2d 4 (1984) (ordering trial court on remand to determine all issues between the parties where the trial court bifurcated issues in a dissolution proceeding); *Swilling v. MacDougall*, 252 S.C. 571, 167 S.E.2d 432 (1969) (remanding cause to trial court where the trial court passed upon only one of the issues raised in a habeas corpus proceeding and reserved the others for later determination). In this case, the district court should have simultaneously resolved all the issues raised by Carter's motion for postconviction relief. Nonetheless, no reversible error was committed.

Where no objection is made at a sentencing hearing when a defendant is provided an opportunity to do so, generally, any claimed error is waived and is not preserved for appellate

review. See *State v. Shepherd*, 235 Neb. 426, 455 N.W.2d 566 (1990) (holding that defendant failed to preserve error regarding plea agreement which was breached by a prosecutor when he did not object to the prosecutor's recommendation even after the court asked him if he cared to respond); *State v. Battershaw*, 220 Neb. 661, 371 N.W.2d 313 (1985) (refusing to review assigned error regarding psychiatric evaluations, since the defendant failed to object at sentencing hearing when the evaluations were offered); *State v. Bevins*, 198 Neb. 761, 255 N.W.2d 284 (1977) (determining that where a defendant is advised by the trial court of information on which the court is relying at the time of sentencing, but does not object thereto, a contention by the defendant on appeal that the information was untrue will not be upheld).

The bill of exceptions from the resentencing hearing reflects that the court informed Carter that he had earlier pled no contest to a charge of attempted first degree sexual assault. Thereupon, the court specifically asked the defendant and his attorney if either had anything to say as to why judgment should not be passed against the defendant. Each responded in the negative. Despite an opportunity to do so, neither Carter nor his attorney brought to the court's attention the remaining issues raised by the postconviction motion. By failing to voice any objection, Carter waived his right to have the other issues determined, and any error in the court's failure to decide all issues in Carter's postconviction motion has not been preserved for appeal.

This court is aware that, generally, when multiple issues are presented to a trial court for simultaneous disposition in the same proceeding and the court decides some of the issues, while reserving some issues for later determination, the court's determination of less than all the issues is an interlocutory order and is not a final order for the purpose of an appeal. See *Huffman v. Huffman, ante* p. 101, 459 N.W.2d 215 (1990). In such cases, the normal course is to remand the cause for further proceedings. See *Gerber, supra*; *Swilling, supra*. However, this case is distinguishable, as Carter waived the issues reserved for later determination. This assignment of error by Carter is without merit.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

In a postconviction relief action, to sustain a claim of ineffective assistance of counsel as a violation of the sixth amendment to the U.S. Constitution or article I, § 11, of the Nebraska Constitution, and thereby obtain reversal of a defendant's conviction, the defendant must show that (1) counsel's performance was deficient and (2) such deficient performance prejudiced the defense, that is, a demonstration of reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *State v. Schneckloth*, 235 Neb. 853, 458 N.W.2d 185 (1990). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*. A criminal defendant must demonstrate prejudice was suffered from ineffectiveness of counsel. *Id*. The defendant has the burden of demonstrating ineffective assistance of counsel, and the record must affirmatively support the claim. *State v. Domingus*, 234 Neb. 267, 450 N.W.2d 668 (1990).

### 1. CONFLICT OF INTEREST

A defendant must show that his counsel actively represented conflicting interests and that the actual conflict of interest adversely affected the performance of the defendant's lawyer. *State v. Schneckloth, supra*. A defendant who shows that a conflict of interest actually affected the adequacy of his representation need not demonstrate prejudice in order to obtain relief. *Id*. A conflict of interest must be actual rather than speculative or hypothetical before a conviction can be overturned on the ground of ineffective assistance of counsel. *Id*.

The basis of Carter's claim seems to be that because he alleged in his postconviction motion that his court-appointed appellate counsel, i.e., the public defender's office, initially failed to timely prosecute his appeal, a lawyer from that office could not render conflict-free representation at the defendant's resentencing hearing. We note in passing that although there seems to have been a conflict during the early stages of the proceedings which necessitated the appointment of substitute counsel, Carter assigns no error regarding that conflict. At any

rate, such a claim would fail, as the defendant has not presented a record to this court in connection with the earlier conflict of interest which affirmatively supports the claim. See *Domingus, supra.*

Turning to Carter's assigned error, the most that can be said from the record is that the public defender's office failed to timely file an appeal. We assume, without deciding, for purposes of this case that the alleged conflict of interest may be imputed to all attorneys in the Douglas County public defender's office. However, we fail to see the logic that solely because one has failed to timely appeal, he or she is unable to represent, free of a conflict of interest, his or her client at a hearing to remedy a failure to appeal. It would be more reasonable to assume that one who has failed to timely appeal would be conscientious when provided a chance to correct that dereliction. See *State v. Reddick*, 230 Neb. 218, 430 N.W.2d 542 (1988) (rejecting argument that defendant's complaints regarding his court-appointed attorney, coupled with his unsuccessful effort to have substitute counsel appointed, created conflict of interest, because the best defense against the defendant's allegations would have been to provide him with the very best defense to the charges). Any conflict of interest between Carter and his counsel at his resentencing hearing is purely speculative or hypothetical. This assignment of error is without merit.

### 2. Performance at Resentencing Hearing

When counsel was asked at the resentencing hearing if he had anything to say regarding why judgment should not be passed against Carter and the nature of the sentence that should be made, counsel replied that he did not. Carter further contends that, among other matters, this colloquy demonstrates that his counsel was ineffective at the resentencing hearing. Assuming, arguendo, that counsel's performance was deficient, we determine that Carter has failed to show prejudice. He has not demonstrated what his attorney could have said to the court that would have affected the resentencing. It is clear from the record that the main purpose of the resentencing hearing was to allow Carter a direct appeal. In view of our later discussion

regarding the alleged excessiveness of the defendant's sentence and the reason underlying the resentencing proceeding, there is no reasonable probability that, but for counsel's deficient performance, the result of the resentencing hearing would have been different.

### III. EXCESSIVE SENTENCE

Through counsel, Carter assigns as error the excessiveness of his sentence. An order imposing a sentence within the statutorily prescribed limits will not be disturbed on appeal in the absence of an abuse of discretion. *State v. Garza, ante* p. 215, 459 N.W.2d 747 (1990). The sentence imposed upon Carter was well within the statutorily prescribed limits.

The seriousness of the offense is an important factor in the setting of the sentence, and information as to a defendant's life, character, or previous conduct is highly relevant to the determination of a proper sentence. *State v. Nelson*, 235 Neb. 15, 453 N.W.2d 454 (1990). In imposing a sentence, a sentencing court may consider the effects of the crime upon the victim. See *State v. Ritsch*, 232 Neb. 407, 440 N.W.2d 689 (1989).

The record reflects that Carter has not admitted any wrongdoing. He denied ever sexually assaulting the then 13-year-old female victim, claiming that his family was "getting back at him for his taking his son to court approximately ten years ago." The court-appointed psychiatrists and Carter's probation officer reported that during the presentence investigation, Carter was deceitful in his relations toward them. The victim impact statement reflects that Carter's victim has received extensive psychiatric/psychological counseling as a result of the defendant's actions and has requested the maximum sentence. Carter was once convicted of a Mann Act violation and placed on probation for 18 months. In view of the serious nature of the crime, the effect on the victim, the defendant's prior conviction, and his failure to acknowledge responsibility, the district court did not abuse its discretion in imposing the sentence it did on Carter.

The defendant's conviction and sentence are affirmed.

AFFIRMED.