STATE OF NEBRASKA, APPELLEE, V. JOSEPH A. MARCHESE, APPELLANT.
515 N.W.2d 670

Filed May 20, 1994.    No. S-93-123.

Kelly S. Breen, Assistant Douglas County Public Defender, and, on brief, Joseph A. Marchese for appellant.

Don Stenberg, Attorney General, and Delores Coe-Barbee for appellee.

HASTINGS, C.J., WHITE, CAPORALE, FAHRNBRUCH, LANPHIER, and WRIGHT, JJ.

CAPORALE, J.

We, on our own motion, removed this postconviction relief action from the Nebraska Court of Appeals to this court in order to regulate the caseloads of the two tribunals. The defendant-appellant, Joseph A. Marchese, having been convicted of second degree arson in violation of Neb. Rev. Stat. § 28-503 (Reissue 1989), asserts that the postconviction court

erred in failing to grant him an evidentiary hearing in order that he might show, among other things, that his plea of guilty was the result of the ineffective assistance of his attorney. We reverse the judgment of the district court and remand the cause for further proceedings consistent with this opinion.

Marchese's conviction arose out of his anger with his then paramour and later wife, which anger made him decide to put two of the wife's dresses on the kitchen stove and deliberately set them on fire. In the process, the apartment building sustained between $3,000 and $5,000 worth of damage.

At the time Marchese pled, his attorney was also representing the wife on the charge of aiding and abetting Marchese to resist arrest on the subject arson charge, as well as representing her on several other criminal matters and in an action to dissolve her marriage to Marchese.

In a proceeding under the Nebraska Postconviction Act, Neb. Rev. Stat. § 29-3001 et seq. (Reissue 1989 & Cum. Supp. 1992), the movant must allege facts which, if proved, constitute a denial or violation of his or her rights under the federal or Nebraska Constitution, causing the judgment against the movant to be void or voidable. *State v. Lyman*, 241 Neb. 911, 492 N.W.2d 16 (1992); *State v. Carter*, 241 Neb. 645, 489 N.W.2d 846 (1992); *State v. Moss*, 240 Neb. 21, 480 N.W.2d 198 (1992); *State v. Schneckloth*, 235 Neb. 853, 458 N.W.2d 185 (1990), *denial of habeas corpus affirmed sub nom. Schneckloth v. Dahm*, 994 F.2d 843 (8th Cir. 1993).

The Sixth Amendment to the U.S. Constitution guarantees every criminal defendant the right to effective assistance of counsel. *State v. Williams*, 224 Neb. 114, 396 N.W.2d 114 (1986); *State v. Pearson*, 220 Neb. 183, 368 N.W.2d 804 (1985). This right entitles the accused to the undivided loyalty of an attorney, free from any conflict of interest. *State v. Schneckloth, supra*; *State v. Williams, supra*; *State v. Turner*, 218 Neb. 125, 354 N.W.2d 617 (1984). The U.S. Supreme Court has long recognized that this right may be impaired when one attorney represents multiple codefendants. *Cuyler v. Sullivan*, 446 U.S. 335, 100 S. Ct. 1708, 64 L. Ed. 2d 333 (1980); *Holloway v. Arkansas*, 435 U.S. 475, 98 S. Ct. 1173, 55 L. Ed. 2d 426 (1978); *Glasser v. United States*, 315 U.S. 60, 62 S. Ct.

457, 86 L. Ed. 680 (1942), *reh'g denied* 315 U.S. 827, 62 S. Ct. 637, 86 L. Ed. 1222.

However, the fact of multiple representation alone is not a per se violation of the Sixth Amendment. *State v. Englehart*, 231 Neb. 579, 437 N.W.2d 468 (1989); *State v. Pope*, 213 Neb. 645, 330 N.W.2d 747 (1983). Nor is the fact that an attorney has other clients, including one who would be a State witness and testify at trial, sufficient in and of itself to constitute a conflict of interest. *State v. Pope*, 211 Neb. 425, 318 N.W.2d 883 (1982). Similarly, the mere possibility of a lawyer's conflict of interest is insufficient to impugn a criminal conviction. *Cuyler v. Sullivan, supra*; *State v. Englehart, supra*; *State v. Turner, supra*.

In *State v. Turner, supra*, we described a conflict of interest as a situation which

> places a defense attorney in a situation inherently conducive to divided loyalties. . . . The phrase "conflict of interest" denotes a situation in which regard for one duty tends to lead to disregard of another . . . where a lawyer's representation of one client is rendered less effective by reason of his representation of another client . . . or where it becomes a lawyer's duty on behalf of one client to contend for that which his duty to another client would require him to oppose . . . . A conflict of interest exists "whenever one defendant stands to gain significantly by counsel adducing probative evidence or advancing plausible arguments that are damaging to the cause of a codefendant whom counsel is also representing."

218 Neb. at 131, 354 N.W.2d at 621-22.

To establish a violation of the Sixth Amendment, a defendant who raises no objection at trial must demonstrate that his or her lawyer actively represented conflicting interests and that the actual conflict of interest adversely affected the lawyer's performance. *State v. Carter*, 236 Neb. 656, 463 N.W.2d 332 (1990); *State v. Schneckloth, supra*; *State v. Englehart, supra*; *State v. Williams, supra*.

While a defendant who shows that a conflict of interest actually affected the adequacy of his or her representation need not demonstrate prejudice, *State v. Carter*, 236 Neb. 656, 463

N.W.2d 332 (1990), and *State v. Schneckloth, supra*, such conflict of interest must be shown to have resulted in counsel's conduct detrimental to the defense. *State v. Wiley*, 232 Neb. 642, 441 N.W.2d 629 (1989); *State v. Williams, supra*. Moreover, the asserted conflict of interest must be actual, rather than speculative or hypothetical, before a conviction can be overturned on the ground of ineffective assistance of counsel. *State v. Carter*, 236 Neb. 656, 463 N.W.2d 332 (1990); *State v. Turner, supra*.

The basis of Marchese's claim is that because his attorney represented the wife as described earlier, his plea was coerced. More specifically, Marchese alleges that because, according to his attorney, the wife would have been called as a State witness and that he was not informed by his then attorney of the potential conflict that would arise from his counsel's cross-examination of the wife if the matter proceeded to trial, his plea was not freely given.

Whether the wife could or would have actually testified is unimportant if Marchese had been told by his attorney that she would do so. Obviously, if the case went to trial, the wife's anticipated testimony that Marchese set her dresses on fire could be damaging to Marchese if he himself chose not to testify.

Equally bothersome is the fact that Marchese's attorney chose to overlook that he was professionally charged to assist Marchese in his case and yet had a concurrent obligation to professionally assist Marchese's wife.

This is not a situation where there is clearly no possibility of antagonistic defenses and the court is assured that the interests of the witness and the defendant both represented by the same attorney are not conflicting. See *People v. Kloiber*, 95 Ill. App. 3d 1061, 420 N.E.2d 870 (1981). Rather, in the absence of an evidentiary hearing, we cannot know if the representation of both clients was antagonistic to one another or if the advice given to Marchese was tainted in fact by the attorney's conflict in representing Marchese and the wife.

It is not hard to perceive, however, that Marchese's attorney, when discussing his client's options prior to Marchese's entering his plea, would have been placed in a compromising position.

The attorney would be faced at trial with, on the one hand, attempting to destroy the wife's credibility while not using anything gained from the attorney-client relationship in attempting to do so and, on the other hand, treating her with the loyalty due a client.

While it is true we have suggested that in making a determination of whether a conflict of interest adversely affected a lawyer's performance we may consider whether the defendant objected to the joint representation, we have also discussed the trial court's responsibility to take such measures as may be appropriate to protect each defendant's right to counsel in cases involving joint and multiple representation of criminal defendants. We have stressed as well that the trial court should inquire in great detail regarding a defendant's understanding of his attorney's possible conflict of interest and potential perils, bearing in mind that most defendants are rarely sophisticated enough to evaluate potential conflicts which may arise from joint and multiple representation. *State v. Turner*, 218 Neb. 125, 354 N.W.2d 617 (1984).

In *Cuyler v. Sullivan*, 446 U.S. 335, 348, 100 S. Ct. 1708, 64 L. Ed. 2d 333 (1980), the U.S. Supreme Court said: "Since a possible conflict inheres in almost every instance of multiple representation, a defendant who objects to multiple representation must have the opportunity to show that potential conflicts impermissibly imperil his right to a fair trial." In light of *Cuyler*, this court has held that a hearing must take place when the requisite " 'special circumstances' " putting the trial court on notice of a possible conflict of interest arise. *State v. Hudson and Maeberry*, 208 Neb. 649, 655, 305 N.W.2d 359, 363 (1981). Such special circumstances arose in *Hudson and Maeberry* where the trial court, aware of a divergence between respective roles played by the defendants in the alleged crime requiring an aider and abettor instruction, should have conducted inquiry into the possible conflict of the defendants' interests.

Moreover, in *State v. Williams*, 218 Neb. 618, 358 N.W.2d 195 (1984), we required the trial court to hold an evidentiary hearing because the defendant had alleged several questions regarding a possible conflict of interest. See, also, *State v.*

*Svoboda*, 199 Neb. 452, 259 N.W.2d 609 (1977) (where defendant in motion for postconviction relief alleged misrepresentation and ineffective assistance of counsel, allegations, if true, constituted denial or infringement of defendant's constitutional rights, and thus district court should have granted evidentiary hearing).

An evidentiary hearing on a motion for postconviction relief is required on an appropriate motion containing factual allegations which, if proved, constitute an infringement of the movant's rights under the Nebraska or federal Constitution. *State v. Bowen*, 244 Neb. 204, 505 N.W.2d 682 (1993); *State v. Victor*, 242 Neb. 306, 494 N.W.2d 565 (1993), *aff'd* ____ U.S. ____, 114 S. Ct. 1239, 127 L. Ed. 2d 583 (1994).

Marchese's claim that his plea was involuntary because he received ineffective assistance of counsel resulting from his attorney's conflict of interest raises a factual dispute requiring the court to grant an evidentiary hearing. See *State v. Waterman*, 215 Neb. 768, 340 N.W.2d 438 (1983) (evidentiary hearing must be granted on petition for postconviction relief when facts alleged will justify relief, if true, or when factual dispute arises as to whether constitutional right is being denied).

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

BOSLAUGH, J., participating on briefs.