STATE OF NEBRASKA, APPELLEE,
v. STACEY L. FLETCHER, APPELLANT.
573 N.W. 2d 752

Filed February 13, 1998.   No. S-97-634.

Leonard P. Vyhnalek for appellant.

Don Stenberg, Attorney General, and Marilyn B. Hutchinson for appellee.

CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

McCORMACK, J.

Stacey L. Fletcher appeals the district court's denial of his motion for postconviction relief. We affirm.

## BACKGROUND

On February 19, 1992, Fletcher and Ira Leon entered the Barn Store in Lincoln County, Nebraska, with the intent to rob it. When they approached the clerk and indicated their intent to rob the store, she began to yell and ran toward the backroom. Leon pummeled the clerk about the head with a tire iron, killing her. Cash was then removed from the register and split between Fletcher and Leon. Fletcher was later arrested and taken to the police department, where he confessed to his involvement in the crime.

Patrick B. Hays was the court-appointed defense counsel for Fletcher. Robert P. Lindemeier, the public defender, was representing Leon, Fletcher's codefendant. Hays rented office space from Ronald A. Ruff of the Ruff, Nisley and Lindemeier law firm. That firm was located in a building owned by Ruff and his father. Hays shared office space, certain office equipment, and secretaries with Lindemeier. Hays testified that he did not recall providing Lindemeier with any information which was not available through depositions or police reports.

Fletcher was initially charged with aiding and abetting a robbery and with first degree murder in the perpetration or attempt to perpetrate a robbery. The information was later amended to a charge of robbery and premeditated first degree murder. Fletcher, in a plea bargain, pled nolo contendere to the original

charges of felony murder and aiding and abetting a robbery. As part of that plea bargain, the State charged Fletcher with aiding and abetting a robbery rather than robbery, and with felony murder rather than premeditated murder as in the amended information. The State also agreed to dismiss three other felony charges for assaults in the jail while Fletcher was incarcerated. In addition to pleading no contest to those reduced charges as part of his consideration for the plea bargain, Fletcher agreed to give up any right he had to contest his convictions on constitutional grounds.

Fletcher then wanted to withdraw his plea, which request was denied by the trial court; this denial was appealed to the Supreme Court, which affirmed the trial court's decision in a memorandum opinion, case No. S-92-1099, filed May 20, 1993.

Fletcher filed a pro se motion for postconviction relief in the district court for Lincoln County, Nebraska, claiming that his constitutional rights had been violated because he had been sentenced for both robbery and felony murder in the perpetration of the same robbery and because he had been denied effective assistance of counsel. The trial court appointed Leonard P. Vyhnalek to represent Fletcher in his postconviction proceeding and granted Fletcher an evidentiary hearing. At the hearing, the district court took judicial notice of the complete court file in the matter and received into evidence Fletcher's deposition and testimony from Hays. After the hearing, the district court denied postconviction relief, concluding that double jeopardy did not attach and that Fletcher's claim of ineffectiveness of counsel was without merit. The district court further found that the representation of Fletcher by Hays met the highest standards associated with legal representation. Fletcher now appeals the district court's decision.

## ASSIGNMENTS OF ERROR

Fletcher assigns as error (1) the district court's finding that the Lincoln County public defender and court-appointed counsel for Fletcher did not have a conflict of interest, (2) the district court's failure to vacate the sentence for aiding and abetting a robbery when Fletcher had also been sentenced for a felony murder charge, and (3) the district court's failure to retroac-

tively apply *State v. McHenry*, 250 Neb. 614, 550 N.W.2d 364 (1996), and *State v. Nissen*, 252 Neb. 51, 560 N.W.2d 157 (1997).

## STANDARD OF REVIEW

A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous. *State v. Boppre*, 252 Neb. 935, 567 N.W.2d 149 (1997); *State v. Hall*, 249 Neb. 376, 543 N.W.2d 462 (1996); *State v. Schoonmaker*, 249 Neb. 330, 543 N.W.2d 194 (1996).

## ANALYSIS

### INEFFECTIVE ASSISTANCE OF COUNSEL

Fletcher first assigns as error the district court's finding that the Lincoln County public defender and Fletcher's court-appointed counsel worked independently of each other and did not have a conflict of interest. We disagree with this assertion.

To establish a violation of the Sixth Amendment based on a conflict of interest, a defendant who raises no objection at trial must demonstrate (1) that his or her lawyer actively represented conflicting interests and (2) that the actual conflict of interest adversely affected the lawyer's performance. *State v. Marchese*, 245 Neb. 975, 515 N.W.2d 670 (1994); *State v. Carter*, 236 Neb. 656, 463 N.W.2d 332 (1990); *State v. Schneckloth*, 235 Neb. 853, 458 N.W.2d 185 (1990), *denial of habeas corpus affirmed sub nom. Schneckloth v. Dahm*, 994 F.2d 843 (8th Cir. 1993).

While a defendant who shows that a conflict of interest actually affected the adequacy of his or her representation need not demonstrate prejudice, such conflict of interest must be shown to have resulted in counsel's conduct detrimental to the defense. *State v. Marchese, supra.* Further, the asserted conflict of interest must be actual, rather than speculative or hypothetical. *State v. Carter, supra.*

We therefore turn to an examination of the record to determine whether Hays actually represented conflicting interests. Hays testified that although he did rent office space from a senior partner in the firm which included Lindemeier (the public defender), Hays was an independent practitioner. He testified that he did not recall sharing any information with

Lindemeier which could not have been found in police reports or in other sources. Moreover, Fletcher did not introduce any evidence to support his claim that he was prejudiced by the rental agreement. Fletcher testified that he could not prove any confidential communications he had with Hays were made known to Lindemeier. We conclude the trial court was not clearly erroneous in finding that there was no conflict between Hays and Lindemeier.

Although we conclude there is not a conflict in this case, we point out that both the trial court and the practicing bar should be cognizant of the mischief that can be created in the appointment of defense counsel who has an office-sharing arrangement with counsel for a codefendant.

### DOUBLE JEOPARDY

We now turn to a consideration of Fletcher's last two assignments of error. Fletcher argues that the district court should have vacated his sentence for aiding and abetting a robbery because a sentence for the underlying felony in a felony murder case constitutes double jeopardy. Fletcher points this court to the cases *State v. McHenry, supra,* and *State v. Nissen, supra,* which hold that sentencing for the underlying felony and felony murder constitutes double jeopardy, and argues that it was error for the district court not to retroactively apply those cases.

Fletcher's double jeopardy claim is without merit. Postconviction proceedings are not available to secure review of issues which were or could have been litigated on direct appeal. *State v. Thieszen,* 252 Neb. 208, 560 N.W.2d 800 (1997); *State v. Otey,* 236 Neb. 915, 464 N.W.2d 352 (1991). The issue of double jeopardy could have been litigated on direct appeal. Therefore, review is not available for this issue in this postconviction proceeding.

Because Fletcher was procedurally barred from raising the double jeopardy issue, the district court was correct in denying Fletcher's postconviction motion requesting that his sentence for aiding and abetting a robbery be vacated. Therefore, Fletcher's second assignment of error is without merit.

We do not reach Fletcher's third assignment of error because his claim is procedurally barred.

## CONCLUSION

Having found Fletcher's first and second assignments of error to be without merit, and not having reached the third assignment of error, the decision of the district court is affirmed.

AFFIRMED.

WHITE, C.J., participating on briefs.

CAPORALE, J., concurring.

While I agree with the judgment reached by the majority, I write separately because I think writing that there was no conflict between Patrick B. Hays and Robert P. Lindemeier overstates the situation. The controlling fact is merely that there was no actual conflict which was proved detrimental to Hays' representation of Fletcher.

But I also submit that the trial bench and practicing bar are entitled to a bit more guidance than simply being advised that they should be cognizant of the mischief which can be created by the appointment of office-sharing counsel with competing interests.

Three separate canons of our Code of Professional Responsibility address the concerns such representation raises. Canon 4 requires that a lawyer preserve the confidences and secrets of a client. Canon 5 requires that a lawyer exercise independent professional judgment on behalf of a client. Canon 9 requires that a lawyer avoid even the appearance of professional impropriety. More specifically, Canon 5, DR 5-105(D), provides that if "a lawyer is required to decline employment or to withdraw from employment under a Disciplinary Rule, no partner, associate, *or any other lawyer affiliated* with the lawyer or his or her firm may accept or continue such employment." (Emphasis supplied.)

The public could well consider it difficult, if not impossible, for attorneys sharing staff, equipment, or space to preserve the confidences and secrets of clients and to exercise independent professional judgment on behalf of those clients. Thus, the American Bar Association specifically noted in ABA Comm. on Ethics and Professional Responsibility, Informal Op. 995 at 156-57 (1975): "In [the unpublished] Informal Opinion 284 we held: 'Two lawyers who share offices, although not partners, bear such close relation to one another as to bring [the canon

prohibiting the representation of conflicting interests] into play.' " A formal American Bar Association opinion issued in 1934 concluded that attorneys sharing office facilities should act as if they are members of the same firm on questions that may involve a conflict of interest. ABA Comm. on Ethics and Professional Responsibility, Formal Op. 104 at 356 (1967) declared: "An attorney who shares a law office with a police judge, although the two are not partners, may not represent persons arraigned before the police judge." The opinion noted that "the public, knowing of their intimate relation as office associates, may infer that there is some influence operating in their establishment . . . and against inference, however unfounded, [the attorneys sharing office facilities] should guard themselves." *Id.* at 357. More recently, the Wisconsin State Bar Standing Committee on Professional Ethics concluded that "the rule that prohibits an attorney in a firm from accepting employment because another attorney in the firm is so prohibited due to a conflict of interest also extends to attorneys sharing office facilities. *Wis. B. Bull.*, June 1979 Supplement, at 94 (Memorandum Opinion 2-78, n.d.)." Olavi Maru, 1980 Supplement to the Digest of Bar Association Ethics Opinions ¶ 13222 at 619 (1982).

It is the foregoing precepts that the bench and bar need to keep in mind.