STATE OF NEBRASKA, APPELLEE, V.
JESSE E. NARCISSE, APPELLANT.
615 N.W.2d 110

Filed July 28, 2000.  No. S-97-1003.

Dennis R. Keefe, Lancaster County Public Defender, and Kristi J. Egger Brown for appellant.

Don Stenberg, Attorney General, and, on brief, Jay C. Hinsley for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

GERRARD, J.

Jesse E. Narcisse appeals from the district court's denial of his motion for postconviction relief, without first conducting an evidentiary hearing thereon. The Nebraska Court of Appeals affirmed the judgment of the district court, and this court granted Narcisse's petition for further review. For the reasons stated herein, we conclude that Narcisse's motion for postconviction relief contains sufficient facts to entitle him to an evidentiary hearing, and we therefore reverse the judgment of the Court of Appeals and remand this cause with directions to remand the cause to the district court for an evidentiary hearing.

## FACTUAL BACKGROUND

Narcisse was convicted in 1987 of one count of first degree sexual assault and being a habitual criminal and one count of

first degree false imprisonment and being a habitual criminal. Narcisse's convictions were affirmed by this court on direct appeal. See *State v. Narcisse*, 231 Neb. 805, 438 N.W.2d 743 (1989) (superseded on other grounds by statute as stated in *State v. Andersen*, 232 Neb. 187, 440 N.W.2d 203 (1989)). Narcisse subsequently filed a motion for postconviction relief pursuant to Neb. Rev. Stat. § 29-3001 et seq. (Reissue 1995), alleging therein that his trial counsel was ineffective and that this same counsel was ineffective on direct appeal in failing to assign as error his own ineffectiveness as trial counsel.

In his motion for postconviction relief, Narcisse asserted that he received ineffective assistance of counsel at both the trial and the appellate level due to an alleged conflict of interest of Narcisse's trial counsel. Narcisse alleged, inter alia, that his counsel failed to (1) timely present him with a plea agreement which would have resulted in a dismissal of all charges except one against Narcisse in exchange for his guilty plea to a Class III felony, (2) interview certain witnesses and conduct an adequate investigation, and (3) argue appropriate issues on appeal. Moreover, Narcisse contended that at the time of both Narcisse's trial and appeal, his counsel also represented Herman Buckman, a criminal defendant in an unrelated proceeding. Narcisse's name was on the witness list for Buckman's trial, and his motion for postconviction relief alleged that he would have testified against Buckman in that trial. Narcisse's motion for postconviction relief further alleged that at some time after he was convicted, his trial counsel told him, "[T]his will teach you to not testify against my client." Based upon the foregoing allegations, Narcisse contended that he was prejudiced because trial counsel failed to exercise the customary skills and diligence of a reasonably competent attorney (i.e., adverse performance) and was not "free of conflicts of interest."

Applying *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the district court determined that Narcisse had failed to show that his counsel's performance was deficient and that counsel's deficient performance actually prejudiced his defense. Consequently, the district court denied Narcisse's request for postconviction relief without conducting an evidentiary hearing. In a memorandum opinion and judgment

on appeal filed April 20, 1999, the Court of Appeals affirmed, with one judge concurring, concluding that Narcisse's allegations of a conflict of interest were unreasonable on their face because the facts alleged by Narcisse in his motion for postconviction relief would not support a finding of a conflict of interest. Narcisse petitioned this court for further review, which was granted.

## ASSIGNMENT OF ERROR

In his sole assignment of error on further review, Narcisse asserts that the Court of Appeals erred in affirming the district court's denial of an evidentiary hearing on his motion for postconviction relief.

## STANDARD OF REVIEW

A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous. *State v. McCroy*, 259 Neb. 709, 613 N.W.2d 1 (2000); *State v. Williams*, 259 Neb. 234, 609 N.W.2d 313 (2000). In a motion for postconviction relief, the defendant must allege facts which, if proved, constitute a denial or violation of his or her rights under the U.S. or Nebraska Constitution, causing the judgment against the defendant to be void or voidable. *State v. El-Tabech*, 259 Neb. 509, 610 N.W.2d 737 (2000).

## ANALYSIS

Narcisse contends that the Court of Appeals erred in affirming the district court's decision to deny his request for postconviction relief without first conducting an evidentiary hearing thereon. Because the district court found that Narcisse had failed to show that he was prejudiced by counsel's actions and denied Narcisse's request for postconviction relief, without first conducting an evidentiary hearing, the real question before us is not whether Narcisse is entitled to postconviction relief, but whether an evidentiary hearing should have been held to determine that question. For the reasons that follow, we answer this inquiry in the affirmative.

The Sixth Amendment to the U.S. Constitution guarantees every criminal defendant the right to effective assistance of

counsel. *State v. Lotter*, 255 Neb. 456, 586 N.W.2d 591 (1998), *modified* 255 Neb. 889, 587 N.W.2d 673 (1999). This right entitles the accused to the undivided loyalty of an attorney, free from any conflict of interest. *State v. Marchese*, 245 Neb. 975, 515 N.W.2d 670 (1994). The U.S. Supreme Court has long recognized that this right may be impaired when one attorney represents multiple defendants. See, *Cuyler v. Sullivan*, 446 U.S. 335, 100 S. Ct. 1708, 64 L. Ed. 2d 333 (1980); *Holloway v. Arkansas*, 435 U.S. 475, 98 S. Ct. 1173, 55 L. Ed. 2d 426 (1978); *Glasser v. United States*, 315 U.S. 60, 62 S. Ct. 457, 86 L. Ed. 680 (1942), *rehearing denied, Kretske v. United States*, 315 U.S. 827, 62 S. Ct. 629, 86 L. Ed. 1222 (superseded on other grounds by Fed. R. Evid. 104(a) as stated in *Bourjaily v. United States*, 483 U.S. 171, 107 S. Ct. 2775, 97 L. Ed. 2d 144 (1987)).

However, the fact of multiple representation alone is not a per se violation of the Sixth Amendment. *State v. Marchese, supra.* In *State v. Turner*, 218 Neb. 125, 131, 354 N.W.2d 617, 621-22 (1984), we described a conflict of interest as a situation which

> places a defense attorney in a situation inherently conducive to divided loyalties. . . . The phrase "conflict of interest" denotes a situation in which regard for one duty tends to lead to disregard of another . . . where a lawyer's representation of one client is rendered less effective by reason of his representation of another client . . . or where it becomes a lawyer's duty on behalf of one client to contend for that which his duty to another client would require him to oppose . . . . A conflict of interest exists "whenever one defendant stands to gain significantly by counsel adducing probative evidence or advancing plausible arguments that are damaging to the cause of a codefendant whom counsel is also representing."

To establish a violation of the Sixth Amendment based on a conflict of interest, a defendant who raises no objection at trial must demonstrate that his or her lawyer actively represented conflicting interests and that the actual conflict of interest adversely affected the lawyer's performance. *State v. Fletcher*, 253 Neb. 1029, 573 N.W.2d 752 (1998).

While a defendant who shows that a conflict of interest actually affected the adequacy of his or her representation need not demonstrate prejudice, such conflict of interest must be shown to have resulted in counsel's conduct detrimental to the defense. *Id.*; *State v. Marchese, supra.* Moreover, the asserted conflict of interest must be actual, rather than speculative or hypothetical, before a conviction can be overturned on the ground of ineffective assistance of counsel. *State v. Marchese, supra.* Thus, the crucial inquiry in the instant case is whether Narcisse has alleged facts which, if proved, would demonstrate that his counsel actively represented conflicting interests and that the actual conflict of interest adversely affected his counsel's performance.

As previously explained, Narcisse's motion for postconviction relief asserted that his counsel failed to timely present him with a plea agreement, failed to conduct an adequate investigation, and did not argue appropriate issues on appeal. Narcisse claims that these acts or omissions constituted adverse performance in that his counsel failed to exercise the customary skills and diligence of a reasonably competent attorney. Narcisse further asserted in his motion for postconviction relief that during the time of both his trial and his appeal, counsel failed to inform Narcisse that counsel was simultaneously representing a client, Buckman, against whom Narcisse intended to testify. Narcisse alleged that he "was not aware of the dual representation until after the trial, when, in a phone conversation, [Narcisse's] attorney told [Narcisse] 'this will teach you to not testify against my client.' "

Based on the foregoing allegations, Narcisse pled facts sufficient to show that his counsel had potential conflicting interests as counsel continued to represent both Narcisse and Buckman when Narcisse was scheduled to be a witness against Buckman. Moreover, the allegations raise factual questions as to whether counsel's alleged actual conflict of interest adversely affected the lawyer's performance.

In the absence of an evidentiary hearing, we cannot know whether the performance of Narcisse's counsel, or the advice given by counsel to Narcisse, was tainted in fact by counsel's alleged conflict in representing both Narcisse and Buckman. We cannot know whether the alleged actual conflict of interest

adversely affected counsel's performance because neither Narcisse's motion for postconviction relief nor any other portion of the record reveals what Narcisse's role was to be when testifying against Buckman. In other words, was Narcisse to be an incriminating major witness or a minor factual or foundational witness? The nature and extent of Narcisse's testimony does not affect the fact that trial counsel could well be forced to divide his loyalties between two clients and potentially slight one client to benefit the other. However, the nature of Narcisse's role as a witness in the Buckman matter, and the extent to which Narcisse's counsel was involved in the matter, which we do not know, would assist the postconviction court in determining whether the alleged conflict of interest adversely affected Narcisse's counsel's performance or was of little or no consequence under the circumstances.

By applying *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and, thus, denying a hearing because Narcisse had failed to prove actual prejudice, the district court required Narcisse to plead and prove his allegations without granting him an evidentiary hearing in which to do so. The district court erred when it denied Narcisse an evidentiary hearing for the reason that Narcisse had failed to prove prejudice. A claimant who shows that a conflict of interest actually affected the adequacy of his or her representation need not demonstrate prejudice in order to obtain relief. See *Cuyler v. Sullivan*, 446 U.S. 335, 100 S. Ct. 1708, 64 L. Ed. 2d 333 (1980).

In spite of sufficient allegations in his postconviction motion, Narcisse was not granted an opportunity to prove that his counsel's alleged conflict of interest actually affected the adequacy of counsel's representation. Narcisse's allegations, at a minimum, raise a factual issue as to whether he was denied effective assistance of counsel. An evidentiary hearing on a motion for postconviction relief is required on an appropriate motion containing factual allegations which, if proved, constitute an infringement of the movant's rights under the Nebraska or federal Constitution. *State v. Marchese*, 245 Neb. 975, 515 N.W.2d 670 (1994).

The foregoing notwithstanding, when a motion for postconviction relief properly alleges an infringement of a defend-

ant's constitutional rights, an evidentiary hearing should still be denied when the records and files affirmatively show that the defendant is entitled to no relief. See, *State v. Lyle,* 258 Neb. 263, 603 N.W.2d 24 (1999); *State v. Silvers,* 255 Neb. 702, 587 N.W.2d 325 (1998). Narcisse's allegations of ineffective assistance of counsel are sufficiently specific to require such an examination of the files and records in the instant case. If the records and files affirmatively show that Narcisse is entitled to no postconviction relief, the district court may have properly denied Narcisse's request for postconviction relief without first conducting an evidentiary hearing.

The record before us consists of only the bill of exceptions and certain exhibits from Narcisse's trial, in addition to the bill of exceptions from the hearing on his motion for postconviction relief. The record reveals that it was after the trial at which Narcisse was convicted when his trial counsel said to him, "[T]his will teach you to not testify against my client." There is no indication in the record that Narcisse knew, or had any way of knowing, of the alleged conflict of interest until after the completion of his trial. There is no way to determine from an examination of the files before this court that Narcisse was entitled to no postconviction relief. Thus, we conclude that an evidentiary hearing is necessary to resolve Narcisse's claim for postconviction relief and that the district court erred as a matter of law in its determination to the contrary.

## CONCLUSION

An evidentiary hearing should have been held to determine whether Narcisse could indeed prove that his counsel had actively represented clients with conflicting interests during Narcisse's trial and subsequent appeal, and, if so, whether the conflict of interest adversely affected the adequacy of his counsel's performance. Because the Court of Appeals erred when it determined that such a hearing was unnecessary, its judgment is reversed, and the cause is remanded with directions to remand the cause to the district court to conduct an evidentiary hearing at which it can be determined whether Narcisse is entitled to postconviction relief.

REVERSED AND REMANDED WITH DIRECTIONS.