STATE OF NEBRASKA, APPELLANT, V. STEVEN R. SCHALL, APPELLEE.
449 N.W.2d 225

Filed December 22, 1989. No. 89-063.

Larry J. Karel, Colfax County Attorney, and Richard T. Seckman for appellant.

Robert D. Westadt, of Otradovsky, Bieber & Westadt, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

FAHRNBRUCH, J.
The State takes exception to a district court ruling that the Colfax County Court erred in not granting probation to the

defendant, Steven R. Schall, on a June 8, 1988, charge of third offense operation of a motor vehicle while under the influence of alcoholic liquor.

We sustain the State's exception and remand the cause to the district court for Colfax County with direction to reinstate and affirm the sentence imposed by the county court.

After Schall's conviction for third offense drunk driving, the county court denied his request for probation and sentenced him to the maximum penalty of 6 months in jail plus a $500 fine and revoked his Nebraska driving privileges and his driver's license for 15 years.

Upon appeal by the defendant, the district court for Colfax County, without elucidation, found that the trial court had abused its discretion in sentencing Schall. The district court ordered the trial court to place Schall on probation.

Pursuant to Neb. Rev. Stat. §§ 29-2315.01 et seq. (Reissue 1985 & Cum. Supp. 1988), the State appealed the district court's ruling to this court. An order of the district court reversing a judgment of the county court in a criminal case, vacating the sentence, and remanding the cause for imposition of sentence may be reviewed under § 29-2315.01 (Cum. Supp. 1988). See *State v. Ziemba*, 216 Neb. 612, 346 N.W.2d 208 (1984).

Under § 29-2316 (Reissue 1985), the Nebraska Supreme Court may reverse an appellate ruling of a district court in a criminal case where the defendant has not been placed legally in jeopardy. In *State v. Golgert*, 223 Neb. 950, 395 N.W.2d 520 (1986), where a district court, acting as an intermediate appellate court, erred in failing to affirm the conviction and sentence of the county court in a drunk driving case, this court remanded the cause to the district court with direction to reinstate and affirm the county court's judgment of conviction. See, also, *State v. Schaf*, 218 Neb. 437, 355 N.W.2d 793 (1984) (a second offense drunk driving case); *State v. Boham*, 233 Neb. 679, 447 N.W.2d 485 (1989) (a willful reckless driving case). As in *State v. Schaf, supra*, the appeal to this court in Schall's case only involves the failure of the district court to affirm the sentence imposed by the county court.

We must first determine whether Schall was placed in jeopardy by the district court's action in vacating the county

court's sentence. Stated another way, would reinstating the sentence imposed by the county court after it was vacated by the district court for Colfax County constitute placing the defendant in double jeopardy? We hold that it does not.

"The Double Jeopardy Clause is *not* a complete barrier to an appeal by the prosecution in a criminal case. . . . The double jeopardy considerations that bar reprosecution after an acquittal do not prohibit review of a sentence." *United States v. DiFrancesco*, 449 U.S. 117, 132, 136, 101 S. Ct. 426, 66 L. Ed. 2d 328 (1980). A defendant is charged with knowledge of a statute and its appeal provisions and has no expectation of finality in his sentence until the appeal is concluded or the time to appeal has expired. *DiFrancesco, supra.*

On July 15, 1988, before one county judge, Schall entered a plea of no contest to a charge of driving while under the influence of alcoholic liquor on May 23, 1988, in violation of Neb. Rev. Stat. § 39-669.07 (Supp. 1987). At an enhancement hearing on August 30, 1988, a second county judge determined that the offense to which Schall entered a plea of no contest was the defendant's third violation of § 39-669.07. Before being sentenced, Schall requested probation. The defendant informed the court that he had completed alcohol inpatient treatment and that he wished to enter an alcohol treatment halfway house. In continuing sentencing for 60 days, the second county judge declared:

THE COURT: Looking at the record in this case . . . I don't think the Court would be justified in entering another probation order. On the other hand, I do hate to cut off the possibility certainly. . . . What I would suggest doing is continue it for 60 days and see if Mr. Schall is able to follow-up on good intentions. . . . I think Mr. Schall, that would put you in a position of asking for probation anyway at that point. At the present time, I wouldn't be prepared to give it to you. . . .

. . . .

[STATE'S ATTORNEY]: I just liked it to be known that there's no guarantee about what the Court's [going to] do. . . .

THE COURT: That's . . . correct. The . . . guarantee

right now is just for the statutory penalty, but . . . I don't want to completely preclude the possibility of probation . . . .

On October 18, 1988, at time of sentencing before a third county judge, the trial court had before it Schall's presentence investigation. It reflects that the June 8, 1988, charge was Schall's sixth offense for driving while under the influence of alcohol. The defendant had his driving privileges reinstated only a short time before his last arrest. He previously had been placed on probation four times for driving while intoxicated and one time for an alcohol-related third degree assault.

Schall contends that the comments made by the second county judge on August 30, 1988, amounted to an implied promise that the trial court would sentence him to probation if he would have a successful visit at The Link halfway house. It is clear that the second trial judge made no promise or guarantee that Schall would receive probation. The judge simply stated that probation would not even be considered unless Schall carried out his intention with regard to further alcohol rehabilitation. Then, probation would only be considered, the judge said.

Before proceeding further, an analysis of statutes involving criminal appeals from county courts is in order. As used in § 29-2315.01, "trial court" is merely a synonym for "district court." Historically, there never has been a direct appeal in a criminal case to the Nebraska Supreme Court from a court inferior to the district court. Until 1972, all criminal appeals from a county or municipal court were to the district court, where they were tried de novo. See Neb. Rev. Stat. § 29-613 (Reissue 1964). Beginning in 1973, appeals to the district court were tried de novo on the record. See § 29-613 (Cum. Supp. 1972). In January 1973, police magistrate and justice of the peace courts were merged into the county court system. It was not until July 1985 that municipal courts were also merged into the county court system. Since 1985, criminal appeals from inferior courts have been prosecuted in the district courts as error proceedings. See Neb. Rev. Stat. § 24-541.06 (Cum. Supp. 1984). Thus, the district court acts as an intermediate court of appeals rather than as a trial court. It is to be noted that

there is a specific statute, § 29-2317 (Cum. Supp. 1988), whereby a prosecutor may, in a criminal case, take exceptions to rulings of a county court for determination by a district court. There is still no procedure whereby a party in a criminal case may appeal a county court ruling directly to the Nebraska Supreme Court.

In an appeal of a criminal case from the county court, the district court acts as an intermediate court of appeal, and, as such, its review is limited to an examination of the county court record for error or abuse of discretion. *State v. Thompson*, 224 Neb. 922, 402 N.W.2d 271 (1987). This court has consistently held that a sentence imposed within the statutory limits will not be set aside absent an abuse of discretion on the part of the sentencing court. *State v. Willett*, 233 Neb. 243, 444 N.W.2d 672 (1989). It is equally clear that a denial of probation will not be disturbed in the absence of an abuse of discretion. *State v. Sutton*, 231 Neb. 30, 434 N.W.2d 689 (1989).

Judicial abuse of discretion results when reasons or rulings of the trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *State v. Trevino*, 230 Neb. 494, 432 N.W.2d 503 (1988).

The law is well established that in considering a proper sentence, the trial court is not limited in its discretion by a mathematically applied set of factors. It is necessarily a subjective judgment and includes the observations of the sentencing judge as to the demeanor, attitude, and all circumstances surrounding the life of the defendant. *State v. Sorbello*, 232 Neb. 486, 440 N.W.2d 696 (1989). In this case, it is obvious that the county court considered these factors: the presentence investigation; the alcohol treatment discharge summary pertaining to Schall's inpatient treatment, as well as a report from The Link halfway house in Norfolk, Nebraska, concerning Schall's activity there through October 7, 1988; the testimony of the defendant; and the report, recommendation, and testimony of the probation officer, Barbara Olson. She recommended against probation. It was Olson's opinion that Schall was not motivated toward change, but was simply trying to avoid a 15-year suspension of his motor vehicle operator's

license.

A third offense of driving while under the influence of alcoholic liquor is a Class W misdemeanor, "and the court shall, as part of the judgment of conviction, order such person not to drive any motor vehicle in the State of Nebraska for any purpose for a period of fifteen years . . . and shall order that the operator's license of such person be revoked for a like period." § 39-669.07(c). Conviction for a Class W misdemeanor also carries a maximum penalty of 6 months' imprisonment and a $500 fine. Neb. Rev. Stat. § 28-106 (Cum. Supp. 1988). The county court's sentence was within the statutory limits.

There was no abuse of discretion or error on the part of the county court in sentencing Schall. The district court erred in not affirming the county court's sentence. The State's exception is sustained, and the cause is remanded to the district court for Colfax County with directions to reinstate and affirm the sentence imposed upon Schall by the Colfax County Court.

EXCEPTION SUSTAINED, AND CAUSE
REMANDED WITH DIRECTIONS.