MARGARET V. SHUCK, SPECIAL ADMINISTRATOR OF THE ESTATE OF MELODY J. HOPPER, DECEASED, APPELLEE, V. STEVEN M. JACOB, APPELLANT.

548 N.W.2d 332

Filed May 31, 1996. No. S-92-687.

Steven M. Jacob, pro se.

Thomas E. Zimmerman, of Jeffrey, Hahn, Hemmerling & Zimmermann, P.C., for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

WHITE, C.J.

Plaintiff-appellee, Margaret V. Shuck, brought this personal injury suit against defendant-appellant, Steven M. Jacob, after Jacob allegedly shot and killed Shuck's daughter, Melody J. Hopper. Jacob was convicted of first degree murder for the killing of Hopper. In the instant case, Shuck relied on the criminal conviction to support a motion for partial summary judgment as to liability in her civil action. The district court granted the motion for partial summary judgment as to liability. A jury subsequently awarded a money judgment to Shuck. Jacob appealed the judgment to the Nebraska Court of Appeals. His murder conviction was reversed by this court while his civil appeal was pending. The Court of Appeals affirmed the district court, and we granted Jacob's petition for further review.

Jacob assigns one error, that the Court of Appeals, by holding that Jacob's record on appeal and praecipe requesting the record were "insufficient," erred in affirming the district court. Shuck contends that the Court of Appeals erred (1) in

finding that the conditions precedent for using Jacob's criminal conviction as collateral estoppel on the issue of liability were not fulfilled and (2) in overruling a praecipe for supplemental transcript filed by Shuck requesting proof of Jacob's murder conviction from his retrial on the criminal charges.

Jacob allegedly shot Hopper on August 2, 1989, and as a result, she died on August 7. On August 4, Hopper filed this personal injury civil action against Jacob based on the same facts as the criminal action. Shuck, the special administrator of Hopper's estate, was substituted as plaintiff after Hopper's death.

Jacob was subsequently found guilty and convicted of first degree murder. He appealed his criminal conviction to this court. On September 20, 1990, before this court ruled on the criminal appeal, Shuck filed a motion for partial summary judgment as to liability in the civil action. Shuck's counsel filed an affidavit in support of the motion for partial summary judgment which stated,

> Upon information and belief, Affiant states that the above-named Defendant was found guilty of Murder in the First Degree in the death of Melody J. Hopper by a jury of his peers, constituting a collateral estoppel upon the issue of liability as set forth in the pleadings in the above-captioned action.

Jacob filed a plea in abatement in response to the motion, contending that his criminal conviction had been appealed and therefore was not a final judgment for purposes of collateral estoppel.

Three exhibits were received at the hearing on the motion for partial summary judgment. These exhibits are not contained in the record that was provided on appeal, nor are they described. The district court granted Shuck's motion for partial summary judgment as to liability and overruled the plea in abatement. In this regard, the judge stated in the trial court minutes,

> [Motion] of [plaintiff] for partial summary judgment. . . . The Court finds that there are no genuine issues of fact re: the issue of liability and that the [plaintiff] is entitled to judgment as a matter of law on issue of liability as set

forth in the pleadings. Filing #5, [plaintiff's motion] for partial summary judgment is therefore sustained and judgment is hereby entered in favor of [plaintiff] and against [defendant] on the issue of liability as set forth in the pleadings. Filing #6, [defendant's] plea in abatement is overruled. [Attorneys] notified by letter.

A jury subsequently awarded Shuck the sum of $734,704.

Jacob appealed the court's civil judgment pro se. While his civil appeal to the Court of Appeals was pending, the criminal conviction was reversed by this court, and remanded for a new trial. See *State v. Jacob*, 242 Neb. 176, 494 N.W.2d 109 (1993).

The Court of Appeals held that the conditions precedent for applying collateral estoppel were not fulfilled at the time the motion for partial summary judgment was granted. *Shuck v. Jacob*, 95 NCA No. 33, case No. A-92-687 (not designated for permanent publication). The Court of Appeals concluded that because the conviction was being appealed, the criminal conviction was not a final judgment.

The Court of Appeals found, however, that the bill of exceptions failed to indicate whether Jacob's criminal conviction was the sole evidence in support of the motion for partial summary judgment and held that, based on the insufficient bill of exceptions, it could not conclude that the district court erred in granting the motion for partial summary judgment. The Court of Appeals, affirming the district court's judgment, concluded that Jacob's record and praecipe on appeal were insufficient.

Specifically, the Court of Appeals found that Jacob's request was too imprecise in nature to enable Jacob to obtain the exhibits concerning the partial summary judgment hearing. The Court of Appeals stated, "In sum, the praecipe is not specific enough to enable us to say that the record which we need, but find to be missing, was requested by Jacob. The fault lies in the imprecise nature of the praecipe, not because the court reporter did not produce what Jacob requested." 95 NCA No. 33 at 4.

Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the

record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Zion Wheel Baptist Church v. Herzog*, 249 Neb. 352, 543 N.W.2d 445 (1996).

In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Gordon v. Connell*, 249 Neb. 769, 545 N.W.2d 722 (1996).

Because Shuck contends that Jacob's criminal conviction was sufficient to invoke the doctrine of collateral estoppel for purposes of granting the motion for partial summary judgment, we address this issue before addressing the sufficiency of the record and Jacob's praecipes. We affirm the Court of Appeals' holding that a criminal conviction being appealed cannot be used to invoke the doctrine of collateral estoppel as to the defendant's liability in a civil suit.

One of the conditions for the doctrine of collateral estoppel to apply is that there must have been a judgment on the merits which was final. *Farm Credit Bank v. Stute*, 248 Neb. 573, 537 N.W.2d 496 (1995). A conviction and sentence are not considered final judgments until after an appeal, if there is indeed an appeal. *State v. Schrein*, 247 Neb. 256, 526 N.W.2d 420 (1995). As the Court of Appeals correctly noted, Jacob's conviction, which was being appealed at the time the motion for partial summary judgment was granted, could not be used for invoking the doctrine of collateral estoppel as to the issue of liability.

Shuck also contends that because Jacob has been convicted a second time on retrial, the issue of whether the first conviction could not be used for collateral estoppel is moot, because his liability is evident from his second conviction. We need not address whether this argument is meritorious because Jacob has appealed this second conviction, which is docketed as case No. S-95-885. Therefore, the conviction is not a final judgment.

We also agree with the Court of Appeals' holding that the record on appeal is insufficient to determine whether it was

error for the district court to grant Shuck's motion for partial summary judgment. "Affidavits, depositions, and other evidence considered at a hearing on a motion for summary judgment must be preserved in a bill of exceptions filed in the court before an order on such a motion may be reviewed." *Keystone Ranch Co. v. Central Neb. Pub. Power & Irr. Dist.*, 237 Neb. 188, 191, 465 N.W.2d 472, 475 (1991).

However, we disagree with the Court of Appeals' holding that Jacob's original and supplemental praecipes were not specific enough to impose an obligation on the court reporter to create a record of the summary judgment proceedings. It is true that it is incumbent upon the party appealing to present a record which supports the errors assigned, and absent such a record, the decision of the lower court is generally affirmed. *State v. Dyer*, 245 Neb. 385, 513 N.W.2d 316 (1994). However, once the appellant has made an adequate request, the preparation of the bill of exceptions becomes an internal court matter, and it is the duty of the reporter to properly fulfill this request. See *State v. Slezak*, 230 Neb. 197, 430 N.W.2d 533 (1988).

The procedure for preparation of the bill of exceptions is regulated by the rules of practice prescribed by this court. See Neb. Rev. Stat. § 25-1140 (Reissue 1995). The applicable rule of practice states, in pertinent part,

> The request shall specifically identify each portion of the evidence and exhibits offered at any hearing which the party appealing believes material to issues to be presented to the Supreme Court for review. The court reporter shall prepare only those portions specified in the request for preparation of the bill of exceptions.

Neb. Ct. R. of Prac. 5A(2) (rev. 1989), now at 5B(1)b (rev. 1995).

Jacob's original praecipe made the following request: "The transcript should include: all orders and rulings on motions filed, the partial summary judgement and the Final judgment, a transcript of all hearings held and all testimony given before the judge or the jury, all filings by any of the parties and the verdict . . . ."

When analyzing whether this request was sufficient, the Court of Appeals stated, "Although the [praecipe] might be broad enough to sweep in part of the summary judgment proceedings, i.e., what the judge, Jacob, and Shuck's lawyer said, it is insufficient because it does not request the evidence, exhibits, or affidavits used at the partial summary judgment hearing." 95 NCA No. 33 at 4.

As the Court of Appeals noted, Jacob's praecipe entitled him to a record of what was discussed by the attorneys and the district court judge at the hearing on the motion for partial summary judgment. Although the bill of exceptions contained proceedings of the trial on damages, it failed to contain any documentation of the hearing concerning the partial summary judgment motion. The transcript also did not contain the order granting the motion for partial summary judgment, as requested by Jacob.

Jacob's praecipe for supplemental transcript made a request for "[a]ll exhibits entered into evidence." This praecipe includes a request for the exhibits received at the partial summary judgment hearing, because it requests all exhibits entered into evidence. The court reporter, however, failed to include these requested items in the record. The record consisted of only the evidence regarding the trial on damages held subsequent to the hearing on the partial summary judgment motion.

Shuck contends that because the request was for a "transcript" rather than a bill of exceptions, the court reporter had no obligation to put the omitted requested items in a bill of exceptions. The reporter, however, complied with several of Jacob's requests from his praecipes. Even though Jacob requested a transcript, the reporter placed 191 pages of testimony and 38 exhibits into a bill of exceptions pertaining to the trial on damages. The reporter evidently did not deny Jacob's request based on the formality that he requested a transcript rather than a bill of exceptions; neither will we make such an interpretation. The substance of Jacob's praecipes indicates that he requested all exhibits entered into evidence and a record of the summary judgment proceedings.

In sum, Jacob was entitled to the evidence requested, and the court reporter had an obligation to fulfill this request pursuant to rule 5 of the Nebraska Supreme Court Rules of Practice and Procedure.

Based on the foregoing, this court issued an order dated April 1, 1996, instructing the court reporter to prepare a supplemental bill of exceptions containing both those exhibits admitted into evidence and a verbatim record of the proceedings of the February 14, 1991, hearing on Shuck's motion for partial summary judgment. The court has received this supplemental bill of exceptions.

The supplemental record of the hearing on the motion for partial summary judgment reflects that three exhibits were admitted into evidence. These exhibits were described in detail by the parties' counsel when being offered into evidence at the hearing.

Shuck's counsel offered two exhibits into evidence at the hearing. Shuck's counsel, referencing exhibit 1, described it as follows:

> This is an affidavit in support of this motion. It is meant as a follow-up to an affidavit which was attached to the initial motion. The first affidavit set forth the conviction of the defendant on charges of first degree murder in the death of Melody Hopper. The second which I have just handed to you as Exhibit 1 is an affidavit which sets forth the certified copy of the sentencing order in the matter.

In this affidavit, Shuck's counsel stated:

> Upon information and belief, Affiant states that the above-named Defendant was found guilty of murder in the first degree in the death of MELODY J. HOPPER by a jury of his peers, and has since such time been sentenced by the Honorable William D. Blue to two consecutive life terms in the State Penitentiary.

Attached to the affidavit was the sentencing order for Jacob's murder conviction.

The second exhibit admitted into evidence at the hearing was the court file of Jacob's criminal proceeding. The third exhibit is an affidavit of Jacob's counsel at the time of the partial summary judgment hearing. In this affidavit, Jacob's

counsel stated, in regard to the criminal proceeding, that "Affiant is familiar with the status of said proceeding, and has examined the files contained therein, and that a timely notice of appeal was filed in said proceeding and the appeal perfected to the Supreme Court of Nebraska by paying of the necessary docketing fees."

The record from this partial summary judgment hearing indicates that all of the matters discussed and all of the evidence admitted pertained only to Jacob's criminal conviction. The court clearly granted partial summary judgment as to civil liability based solely on the grounds that Jacob was convicted and sentenced for the murder of Hopper. Because, as previously noted, Jacob's conviction and sentence were not final at the time the district court considered the motion for partial summary judgment, the district court erred in applying the doctrine of collateral estoppel and granting Shuck's motion for partial summary judgment as to liability.

Therefore, we reverse and remand this action to the Court of Appeals, with directions to reverse and remand to the district court for further proceedings consistent with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.