STATE OF NEBRASKA, APPELLEE, V. CHERI L. STOTT, APPELLANT.

576 N.W. 2d 843

Filed March 17, 1998.    No. A-97-641.

Dennis R. Keefe, Lancaster County Public Defender, and Michael D. Gooch for appellant.

Norman Langemach, Jr., Lincoln City Prosecutor, for appellee.

HANNON, IRWIN, and MUES, Judges.

HANNON, Judge.

After a bench trial in county court, Cheri L. Stott was convicted of violation of a Lincoln city ordinance and sentenced, in part, to imprisonment. Having found a violation of Stott's right to counsel, the district court affirmed Stott's conviction but

reversed her sentence and remanded the matter with direction to modify Stott's sentence by deleting the provisions relating to imprisonment. Because the proper remedy for a violation of the right to counsel, in cases other than felonies, is to affirm the conviction but reverse or vacate the sentence, we now affirm the judgment of the district court.

## BACKGROUND

Stott was charged with disturbing the peace and quiet of other persons, in violation of Lincoln Mun. Code § 9.20.050 (1992), as a result of a physical confrontation with three others near an elementary school. Stott pled not guilty and at trial proceeded pro se. Although not requested in the praecipe, the bill of exceptions from the arraignment is included in the record on appeal, and the bill of exceptions reveals that the trial judge did not advise Stott of her right to counsel if she was indigent.

The county court found Stott guilty of the charged offense. In an order of probation dated November 22, 1996, the court sentenced Stott to probation for 1 year, subject to several conditions. Included in these conditions were that she pay court costs of $24, a witness fee of $20, and an assessment fee of $10. Stott was also ordered to satisfactorily complete an anger control class and to serve 24 hours in jail beginning immediately. Finally, the court ordered that Stott "[s]hall serve 14 days in the Lancaster County Jail beginning 11/1/97 at 3:30 p.m.; however, such condition may be waived provided defendant is in full compliance with all terms of this probation o[r]der." The transcript reveals that Stott served 24 hours in jail and was released on November 23, 1996.

On appeal, the district court found that the record failed to show that Stott had been advised of her right to counsel and that she had waived that right. The district court thus affirmed the conviction but reversed the sentence and remanded the matter to the county court with directions to delete the aforementioned two provisions imposing jail time. Stott again appeals.

## ASSIGNMENTS OF ERROR

Stott contends that the county court committed federal and state constitutional error in (1) permitting the trial court to proceed without defense counsel, where a jail sentence was later

imposed; (2) imposing a jail sentence after conducting a trial without defense counsel; and (3) permitting the sentencing to proceed without defense counsel, where a jail sentence was imposed. Stott also maintains that the district court committed federal and state constitutional error in affirming her conviction.

## STANDARD OF REVIEW

Both the district court and a higher appellate court generally review appeals from the county court for error appearing on the record. *State v. McCurry*, 5 Neb. App. 526, 561 N.W.2d 244 (1997); Neb. Rev. Stat. § 25-2733 (Reissue 1995).

Regarding questions of law, an appellate court is obligated to reach a conclusion independent of determinations reached by the trial court. *State v. Marshall*, 253 Neb. 676, 573 N.W.2d 406 (1998).

## ANALYSIS

In *Gideon v. Wainwright*, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963), the U.S. Supreme Court held that the 6th Amendment right to counsel was applicable to the states through the 14th Amendment. Subsequently, in *Argersinger v. Hamlin*, 407 U.S. 25, 92 S. Ct. 2006, 32 L. Ed. 2d 530 (1972), the Court held that absent a knowing and intelligent waiver of the right to counsel, no person can be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless the person is represented by counsel at trial. See, also, *State v. Green*, 238 Neb. 492, 471 N.W.2d 413 (1991); Neb. Rev. Stat. § 29-3902 (Reissue 1995) (statutory right to be advised of right to counsel if indigent for felony defendants and misdemeanants who may be punished by imprisonment). In doing so, the Court stated:

> Under the rule we announce today, every judge will know when the trial of a misdemeanor starts that no imprisonment may be imposed, even though local law permits it, unless the accused is represented by counsel. He will have a measure of the seriousness and gravity of the offense and therefore know when to name a lawyer to represent the accused before the trial starts.

*Argersinger v. Hamlin*, 407 U.S. at 40.

■ *Argersinger v. Hamlin, supra,* was followed by *Scott v. Illinois,* 440 U.S. 367, 99 S. Ct. 1158, 59 L. Ed. 2d 383 (1979), wherein the Court affirmed a defendant's uncounseled misdemeanor conviction in which no imprisonment had been imposed. The Court essentially held that where no sentence of imprisonment is imposed, a defendant charged with a misdemeanor has no constitutional right to counsel. See *Nichols v. United States,* 511 U.S. 738, 114 S. Ct. 1921, 128 L. Ed. 2d 745 (1994). The *Scott* Court explained: "[W]e believe that the central premise of *Argersinger*—that actual imprisonment is a penalty different in kind from fines or the mere threat of imprisonment—is eminently sound and warrants adoption of actual imprisonment as the line defining the constitutional right to appointment of counsel." 440 U.S. at 373. More recently, in *Nichols,* the Court overruled its prior decision to the contrary in *Baldasar v. Illinois,* 446 U.S. 222, 100 S. Ct. 1585, 64 L. Ed. 2d 169 (1980), and held that an uncounseled misdemeanor conviction, valid under *Scott* because no prison term was imposed, is also valid when used to enhance punishment at a subsequent conviction.

■ The effect of the aforementioned Supreme Court decisions is that if a judge does not advise a defendant of his or her right to counsel, the judge cannot impose imprisonment as part of the sentence. This has been held to include suspended sentences. See, e.g., *U.S. v. Reilley,* 948 F.2d 648 (10th Cir. 1991); *United States v. White,* 529 F.2d 1390 (8th Cir. 1976). As a result, if a court does not advise a defendant of his or her right to counsel, it cannot sentence the defendant to anything which includes the possibility of jail.

In the instant case, the ordinance under which Stott was charged is not in the bill of exceptions. However, because Stott does not claim that her jail sentence was outside the penalties authorized by the ordinance, we treat the offense as one punishable by imprisonment and therefore as one which requires the appointment of a public defender if she is indigent, as defined in Neb. Rev. Stat. § 29-3901(3) (Reissue 1995). *State v. Richter,* 221 Neb. 487, 378 N.W.2d 175 (1985).

The parties do not dispute that the county court's action in sentencing Stott to jail, despite not having been informed of and

waiving her right to counsel at trial, violated her Sixth Amendment right to counsel. The question that remains is, What is the remedy for such a violation? Stott naturally argues that such a violation requires a reversal of her entire conviction, while the State maintains that the violation mandates a reversal of only that portion of the sentence imposing imprisonment.

In *United States v. White, supra,* the trial court found that the defendant had committed a petty offense and sentenced him to a $50 fine and 90 days' imprisonment but suspended execution of the prison term. Because the defendant had not clearly waived his right to counsel, the Eighth Circuit vacated the suspended sentence but upheld the conviction and fine. In doing so, the court quoted *Argersinger v. Hamlin,* 407 U.S. 25, 92 S. Ct. 2006, 32 L. Ed. 2d 530 (1972), for the proposition that the denial of the assistance of counsel precludes the imposition of a jail sentence.

Other circuits have agreed with this outcome. See, *U.S. v. Ortega,* 94 F.3d 764 (2d Cir. 1996) (where court held that appropriate remedy for *Scott* violation is vacation of invalid portion of sentence and not reversal of conviction itself); *U.S. v. Moskovits,* 86 F.3d 1303 (3d Cir. 1996) (deprivation of Sixth Amendment right requires only that sentence be vacated and cause be remanded for resentencing), *cert. denied* 519 U.S. 1120, 117 S. Ct. 968, 136 L. Ed. 2d 853 (1997); *U.S. v. Reilley, supra* (in holding that constitutionally suspended sentence of imprisonment could not be imposed on defendant who had been denied counsel, court struck portion of defendant's sentence suspending imprisonment but affirmed that part of sentence imposing fine). However, at least one circuit has indicated that the entire conviction must be reversed. See *U.S. v. Eckford,* 910 F.2d 216 (5th Cir. 1990). But see *Williams v. City of Phenix City,* 659 So. 2d 1004 (Ala. App. 1995).

In *State v. Richter, supra,* the defendant was convicted of violation of a municipal ordinance and sentenced to 6 months' imprisonment despite that at trial (1) he had asserted his indigency by telling the court that it would take him a while to save up money for an attorney and (2) he had requested, and been denied, court-appointed counsel. Because the trial court's inquiry into the defendant's financial condition under what is

now § 29-3902 was found to be deficient, the Nebraska Supreme Court remanded the cause to the trial court for consideration of the proper factors. The court concluded that if the trial court found that the defendant had been indigent at the time of trial, it should grant a new trial on the ground that a public defender should have been appointed as counsel for him. However, if the court found that the defendant had not been indigent, then its judgment of conviction and sentence was to stand affirmed.

In *Richter*, because the defendant had asserted his indigency, he was entitled to a "reasonable inquiry" to determine whether his "financial condition" mandated appointment of a public defender. See § 29-3902. Thus, it was necessary for the cause to be remanded for such a determination. In contrast, Stott never asserted indigency and therefore was not entitled to a public defender at that time. Thus, there is no need to remand her cause for a determination of indigency under § 29-3902. However, it remains true that the county court, by sentencing her to jail without the benefit of counsel, violated Stott's constitutional right to counsel.

It is clear that had the county court refrained from imposing a jail sentence there would have been no constitutional violation because, under *Scott v. Illinois*, 440 U.S. 367, 99 S. Ct. 1158, 59 L. Ed. 2d 383 (1979), the defendant would not have had a constitutional right to counsel. We do not think that such an error requires a reversal of the entire conviction merely because the court made an error in sentencing. Following the Eighth Circuit's decision in *United States v. White*, 529 F.2d 1390 (8th Cir. 1976), and what appears to be a majority of other federal circuits, we conclude that the county court's action does not require a reversal of Stott's conviction, just the conditions imposing imprisonment.

## CONCLUSION

The judgment of the district court, reversing the sentencing and remanding the matter to the county court with direction to modify the order of probation by deleting the jail sentences, is affirmed.

AFFIRMED.