STATE OF NEBRASKA, APPELLANT, V.
VINCENT PAUL RUBEK, APPELLEE.
578 N.W. 2d 502

Filed May 19, 1998.    No. A-97-473.

Tricia A. Freeman, Deputy Sarpy County Attorney, for appellant.

Thomas J. Garvey, Sarpy County Public Defender, and Gregory A. Pivovar for appellee.

MILLER-LERMAN, Chief Judge, and SIEVERS and INBODY, Judges.

PER CURIAM.

Following the Sarpy County District Court's reversal of the county court's conviction of Vincent Paul Rubek for driving while under the influence of alcohol, the State was granted leave by this court to docket this appeal pursuant to Neb. Rev. Stat. § 29-2315.01 (Reissue 1995). According to the form submitted by the State with its application for leave to docket this appeal, the basis or reason for the application is that the Sarpy County "District Court erred in reversing Defendant's conviction [because the reversal was] due to insufficient evidence."

For the reasons recited below, the exception is overruled.

## PROCEDURAL HISTORY

Rubek was tried in the county court on November 18 and 20, 1996, and was found guilty of driving while under the influence

of alcohol, based on the arresting officer's opinion of impairment. At trial, a videotape of the traffic stop and field sobriety tests was admitted into evidence. This conviction was reversed by the district court on March 12, 1997.

In connection with its application for leave to docket the appeal filed in this court on April 3, 1997, the State had the clerk file a transcript of the lower court proceedings. This transcript consists of various pleadings and orders in both the county court and the district court. Included in the transcript is the district court's written order of March 12, 1997, reversing the county court's finding of driving while under the influence, which order is the subject matter of the appeal before this court.

This court granted leave to docket the appeal pursuant to § 29-2315.01 on May 6, 1997. By letter dated August 25, 1997, addressed to "Sarpy County District Court[,] Attn: Kathy Weber," the Deputy Sarpy County Attorney asked that the addressee "please forward to the Court of Appeals the entire record from the County Court Complaint to the District Court's Opinion and Order dated March 31, 1997, including the Bill of Exceptions and any and all exhibits." No praecipe was filed in the district court directing the preparation and filing of a bill of exceptions of the proceedings in district court.

The district court's opinion and order of March 31, 1997, to which reference is made in the State's August 25, 1997, letter, was issued in response to the State's application for leave to docket the appeal, which was submitted to the district court for its review. The order states (1) that an error proceeding cannot be taken from a district court's order pursuant to § 29-2315.01 when the district court sits as an intermediate appellate court and (2) that, in any event, the application for leave to docket the appeal was not in conformity with the truth because, inter alia, it stated that the State intended to submit the "entire record" and that what is included in this expression is uncertain and not adequate for review. The district judge did not sign the application.

On September 2, 1997, the bill of exceptions of the proceedings in county court, consisting of 129 pages of testimony, was filed in this court. This bill of exceptions bears a district court filing date of February 18, 1997, some 10 days prior to the district court's hearing on the appeal from the county court, which

evidently took place on February 28, 1997. The bill of exceptions from the county court does not bear an exhibit number or other indication that it was received in whole or in part at the hearing before the district court in connection with Rubek's appeal to the district court. Also on September 2, 1997, an envelope containing county court exhibits 1 through 8, and 11 through 13, consisting of the videotape of the traffic stop and documents generally pertaining to the maintenance of the relevant alcohol-testing devices, was filed in this court. Again, there is no indication on the envelope or on the exhibits that some or all of them were received by the district court in connection with its review of Rubek's conviction in county court. There is no bill of exceptions from the proceedings conducted in district court on Rubek's appeal. However, the district court's order of March 12, 1997, reversing Rubek's conviction does indicate that a hearing was held on February 28, 1997, that appearances were entered, and that the matter was taken under advisement.

As noted above, in a written order of March 12, 1997, the district court reversed Rubek's county court conviction for driving while under the influence. In this order, the district court states that its review was for error on the record. The order details the considerable discrepancies between the officer's description of Rubek's performance on the field sobriety tests and the videotape of those field tests. The district court stated that the officer's opinion that Rubek was driving while impaired was without sufficient foundation and concluded that the remainder of the evidence was insufficient to convict Rubek of driving while under the influence, and, accordingly, the district court reversed the conviction. Leave to docket an appeal from this ruling was granted by this court.

## ASSIGNMENT OF ERROR

The substance of the State's assignment of error on appeal is that the district court erred in reversing Rubek's conviction for driving while under the influence of alcohol based on insufficient evidence.

## ANALYSIS

The State presented the district court with an application for leave to docket an appeal. The district court found that the

application was improper and, according to the record on appeal, did not sign the application. We, nevertheless, granted leave to docket the appeal.

*Propriety of Applying for Leave to Docket Appeal Under § 29-2315.01 From Order of District Court Sitting as Intermediate Appellate Court.*

The district court declined to sign the application for leave to docket an appeal and issued its March 31, 1997, opinion and order in lieu thereof. In this order, the district court notes that § 29-2315.01 refers to appeals from the "trial court." Based on this language, the district court concluded that § 29-2315.01 limits appeals thereunder to appeals directly from the trial court to a higher appellate court but does not authorize appeals from the district court sitting as the intermediate appellate court. Since the district court was sitting as an intermediate appellate court in the instant case, it concluded that a district judge, sitting as an intermediate appellate judge, rather than as a trial judge, could not sign the application. The district court misperceives Nebraska jurisprudence.

In *State v. Schall*, 234 Neb. 101, 449 N.W.2d 225 (1989), the Nebraska Supreme Court rejected a position similar to that taken by the district court herein. In *Schall*, the Supreme Court stated that "[a]s used in § 29-2315.01, 'trial court' is merely a synonym for 'district court.'" 234 Neb. at 105, 449 N.W.2d at 228. Thus, an application for leave to docket an appeal under § 29-2315.01 presented for signature to a district court sitting as an intermediate appellate court is proper. See *State v. Schall, supra.* Nebraska case law is replete with proceedings brought under § 29-2315.01 from district courts sitting as intermediate appellate courts. See, e.g., *State v. Schall, supra; State v. Ziemba*, 216 Neb. 612, 346 N.W.2d 208 (1984); *State v. Connick*, 5 Neb. App. 176, 557 N.W.2d 713 (1996). It has also been held that a trial judge has no authority to decide whether an appeal under § 29-2315.01 may be taken, and that a district judge's refusal to sign an application for leave to docket the appeal does not deprive a higher appellate court of jurisdiction. *State v. Wren*, 234 Neb. 291, 450 N.W.2d 684 (1990). The district court's view to the contrary was not correct.

*Adequacy of Record for Proper Presentation and Review on Appeal.*

The county attorney may take exception to any ruling or decision of the court made during the prosecution of a cause by following the statutory procedure outlined in § 29-2315.01. This section provides various requirements both for seeking leave to docket the appeal and for the pursuit thereof after leave is granted.

As an initial requirement under § 29-2315.01, the county attorney must present the application for leave to docket an appeal to the trial court within 20 days after the final order is entered, and if the trial court finds it in conformity with the truth, the judge of the trial court shall sign the same and shall further indicate thereon whether in his or her opinion the part of the record which the county attorney proposes to present to the appellate court is adequate for a proper consideration of the matter. The county attorney shall then present such application to the appellate court within 30 days from the date of the final order. Finally, § 29-2315.01 provides that "[i]f the application is granted, the county attorney shall within thirty days from such granting order a bill of exceptions in accordance with section 29-2020 if such bill of exceptions is desired and otherwise proceed to obtain a review of the case as provided in section 25-1912."

In conformance with the statutory requirement that the trial judge indicate the adequacy of the proposed record on appeal, the district court in this case correctly noted that the deputy county attorney's statement on the application form that the State intended to submit "the entire record from Complaint to District Court's Opinion and Order reversing Defendant's conviction on Count I" was an ambiguous designation. It lacked, inter alia, specificity as to the items to be supplied, and in view of the fact that the appellate issue was sufficiency of the evidence, it failed to designate the preparation of a bill of exceptions, which is ordinarily required in evaluating sufficiency claims. See Neb. Ct. R. of Prac. 5B(1)b (rev. 1996) (providing that request for bill of exceptions shall specifically identify evidence necessary to evaluate issues on appeal, and where claim is that finding or conclusion is not supported by evidence,

bill of exceptions must include all evidence relevant to such finding or conclusion). Compare *Shuck v. Jacob*, 250 Neb. 126, 548 N.W.2d 332 (1996).

To comply with § 29-2315.01, following the granting of the application, the county attorney "shall within thirty days from such granting order a bill of exceptions in accordance with section 29-2020 if such bill of exceptions is desired and otherwise proceed to obtain a review of the case as provided in section 25-1912." In seeking the production of the bill of exceptions in the instant case, following the granting of the application by this court, the deputy county attorney did not comply with these provisions of § 29-2315.01 either as to timeliness or as to proper pleading form.

The deputy county attorney did not order a bill of exceptions within 30 days of this court's grant of leave. As noted above, leave was granted on May 6, 1997, and the deputy county attorney did not request that a record be prepared in connection with this appeal until August 25, 1997, by way of a letter to the district court asking that the record be forwarded to this court, including, inter alia, a bill of exceptions. This request was untimely.

Under § 29-2315.01, where a bill of exceptions is "desired," it shall be ordered in accordance with Neb. Rev. Stat. § 29-2020 (Reissue 1995). Section 29-2020, found in the criminal code, provides that the "ordering, preparing, signing, filing, correcting, and amending of the bill of exceptions shall be governed by the rules established in such matters in civil cases." Turning to the rules in civil cases, Neb. Rev. Stat. § 25-1140 (Reissue 1995) provides that in an appeal taken from the district court, "the party appealing may order a bill of exceptions by filing in the office of the clerk of the district court a praecipe therefor within the time allowed . . . ." Thus, a praecipe for a bill of exceptions was required in the instant appeal, and none was filed. The letter of August 25, 1997, is not a praecipe because, inter alia, it did not conform to the requirements for proper pleadings found generally in Neb. Ct. R. of Dist. Cts. 3 (rev. 1996).

As noted above, in the instant case, the deputy county attorney did not file a praecipe for the bill of exceptions, but,

instead, wrote a letter requesting the "entire record from the County Court Complaint to the District Court's Opinion and Order dated March 31, 1997, including the Bill of Exceptions and any and all exhibits." Although we acknowledge that this letter requests a bill of exceptions, it is not a praecipe which, pursuant to §§ 29-2315.01, 29-2020, and 25-1140, was required to be filed. No bill of exceptions covering the district court's proceedings, if one was made, was filed in this court for our review in connection with this appeal.

It is well settled that it is an appellant's responsibility to present a record which supports the error assigned. *Sanwick v. Jenson*, 244 Neb. 607, 508 N.W.2d 267 (1993). See, also, *Kraft v. Mettenbrink*, 5 Neb. App. 344, 559 N.W.2d 503 (1997). Where sufficiency of the evidence is at issue, "the bill of exceptions must include all evidence relevant to the finding or conclusion." Neb. Ct. R. of Prac. 5B(1)b. See, generally, *Flood v. Keller*, 214 Neb. 797, 336 N.W.2d 549 (1983); *Boosalis v. Horace Mann Ins. Co.*, 198 Neb. 148, 251 N.W.2d 885 (1977). Compare *State v. Golgert*, 223 Neb. 950, 395 N.W.2d 520 (1986) (holding in proceeding under § 29-2315.01 that where issue on appeal was limited to sufficiency of allegations of elements of crime in complaint, bill of exceptions was unnecessary).

This court is aware of Neb. Rev. Stat. § 25-2733(2) (Reissue 1995), which provides that, in connection with appeals from county court to district court, a bill of exceptions filed in district court before the district court hearing shall be considered admitted into evidence at the hearing on the appeal to district court unless the district court in response to objections excludes some or all of it. Referring to the record before us, we note that the bill of exceptions of the county court proceedings which is on file with this court was filed in district court on February 18, 1997, and that, referring to the district court's order reversing Rubek's conviction for driving while under the influence, a hearing was apparently held in district court on February 28, 1997, thereby meeting the timing requirement of § 25-2733(2). It is clear from the district court's opinion and order of March 12, 1997, that the district court reviewed the officer's testimony contained in the bill of exceptions from the county court and reviewed the videotape of the traffic stop in reaching its con-

clusion that the evidence was insufficient to establish guilt beyond a reasonable doubt.

In *Blaha GMC-Jeep, Inc. v. Frerichs*, 211 Neb. 103, 317 N.W.2d 894 (1982), the Nebraska Supreme Court held, after the effective date of § 25-2733(2), inter alia, on fairness grounds, that an incomplete bill of exceptions of district court proceedings was sufficient for appellate purposes under the facts of that case. Recently, in *State v. Stott*, 6 Neb. App. 677, 576 N.W.2d 843 (1998), this court was able to evaluate an appeal because the bill of exceptions, although not requested in the praecipe, was nevertheless filed with this court and available for review. Accordingly, we conclude that although there is no bill of exceptions from the February 28, 1997, hearing with the district court sitting as an intermediate appellate court, and although none was specifically requested by the State in this appeal, the record provided on appeal, including the county court bill of exceptions containing the officer's testimony, exhibit 1 thereto, being the videotape of the traffic stop, and the district court's opinion and order of March 12, 1997, reversing Rubek's conviction for lack of evidence of impairment, are sufficient for us to review this appeal.

*Propriety of District Court's Order of March 12, 1997.*

The district court wrote a detailed opinion and order dated March 12, 1997, in which it properly stated, inter alia, that its standard of review was for error on the record. The court correctly noted that the county court's finding of driving while intoxicated was based on the officer's opinion that Rubek was impaired. According to the officer's testimony in county court, his opinion of Rubek's impairment was "strictly based on the field sobriety testing at the roadside." On redirect, the officer added that Rubek did not "exactly follow my directions, which indicated some level of impairment . . . ."

In its March 12, 1997, order, the district court found the officer's testimony regarding Rubek's performance on the field sobriety tests to be inconsistent with the videotape. The court stated that the "videotape shows each individual flaw to be relatively minor or nonexistent. On the tape, Defendant does not appear to be stumbling, slurring his speech, or in any way

demonstrating a lack of control." Thus, for example, in the heel-to-toe walk, the officer stated that Rubek stepped off the imaginary line at step four and raised his arms trying to maintain his balance. However, a review of the videotape at the hour of 21:40:46 on June 24, 1996, which includes the fourth step, does not reveal the misstep or Rubek's raising his arms. The officer further testified that Rubek pivoted in the wrong direction at the end of the first nine heel-to-toe steps. However, although a bit out of focus, the videotape seems to show at 21:41:02 that Rubek turned in a counterclockwise direction, just as the officer had demonstrated in his instructions at 21:40:30-33. The officer testified that Rubek missed the imaginary line in steps 5, 6, and 7 in the second set of heel-to-toe steps and raised his arms on counts 5, 6, and 7, whereas the videotape does not show at 21:41:03-06 that Rubek raised his arms on the second set of steps 5, 6, and 7. With respect to the test involving counting by ones from 1,001 upward while standing on one foot, the officer testified that Rubek raised his arms at the count of 1,011 through 1,020, whereas the videotape, starting at 21:42:03-04, seems to show that Rubek raised his arms only at 1,011 and 1,012. With respect to the test in which Rubek was asked to touch the tip of his finger to the tip of his nose, the angle at which the videotape was recorded does not clearly depict depth, and the place where his finger touched is not clear. With respect to reciting the alphabet, the officer described Rubek's errors, which appear to comport with the videotape. It is undisputed that Rubek had a 12th grade education; that he did not fumble for his driver's license, proof of insurance, or registration when initially stopped; and that he was positioned facing oncoming traffic with its lights on during the majority of the field sobriety tests.

The district court, sitting as an intermediate appellate court, found that the officer's opinion of impairment was without foundation and, therefore, concluded that the evidence was insufficient to sustain Rubek's conviction for driving while under the influence. The district court found in effect that the county court's finding of impairment was clearly erroneous.

 It is well settled that the trial court's findings in a bench trial of a criminal case have the effect of a jury verdict and will

not be set aside unless clearly erroneous. *State v. Emrich*, 251 Neb. 540, 557 N.W.2d 674 (1997). A conviction in a bench trial of a criminal case is sustained if the evidence, viewed and construed most favorably to the State, is sufficient to support that conviction. *State v. Christner*, 251 Neb. 549, 557 N.W.2d 707 (1997).

We are aware that in *Aken v. Nebraska Methodist Hosp.*, 245 Neb. 161, 511 N.W.2d 762 (1994), the Nebraska Supreme Court overruled *State Farm Mut. Auto. Ins. Co. v. Budd*, 185 Neb. 343, 175 N.W.2d 621 (1970), and *Dugdale of Nebraska v. First State Bank*, 227 Neb. 729, 420 N.W.2d 273 (1988), to the extent they invited appellate courts to reweigh evidence. In so doing, the *Aken* court reiterated that the appellate court is not to set aside factual findings unless clearly erroneous, unless the proper standard of review is de novo on the record. See, also, *Foreman v. State*, 240 Neb. 716, 483 N.W.2d 752 (1992). In the instant case, the district court, sitting as an intermediate appellate court, did not have a de novo standard of review, but was charged with reviewing the case for error on the record and, pursuant to the proper standard, set aside the county court's findings as clearly erroneous. We have reviewed the district court's March 12, 1997, opinion and order for error on the record, and we find none.

EXCEPTION OVERRULED.